P. J. Biggers, plaintiff in error, *vs.* Hamp Bird *et al.*, defendants in error.

An absolute deed (free from usury or other infirmity) conveying land in fee simple, passes the legal title, though made and delivered as security for a debt, and recovery may be had thereon in ejectment by the grantee against the grantor; more especially, where a cotemporary instrument stipulating for a surrender of the deed if the debt is paid at maturity, contains a covenant for admitting the grantee into possession if the debt is not so paid, and where, in pursuance, of the covenant, the grantor has recognized the grantee as landlord and paid him rent. The grantor may defend successfully by pleading an equitable plea and doing equity, that is, tendering the debt and interest: See *Lackey vs. Bostwick, 54 Georgia Reports, 45.*

Ejectment. Deed. Debtor and creditor. Before Judge James Johnson. Muscogee Superior Court. May Term, 1875.

Reported in the opinion.

Peabody & Brannon; Thornton & Grimes, for plaintiff in error.

G. E. Thomas; Ingram & Crawford, for defendants.

Bleckley, Judge.

In an action of ejectment, brought in October, 1874, the plaintiff's title was a deed from the defendants, dated March

12th, 1872. It was an absolute deed, conveying the premises in fee simple for the consideration of $260 00, acknowledged to be in hand paid. The plea was, not guilty. Upon this plea the defendants introduced a writing, signed by themselves and the plaintiff, bearing even date with the deed, which, after reciting that the deed had been delivered with a note made by the defendants to the plaintiff for $260 00, borrowed money, falling due on the 15th of January, 1873, and that the plaintiff held the deed as collateral security for the payment of the note, stipulated for a surrender, of the deed by the plaintiff to the defendants if the latter should pay the note when it became due; and, further, that if the defendants failed to pay the note at maturity, the plaintiff might take possession of the premises without a suit at law. The plaintiff, sworn as a witness for the defendants, testified that he refused to lend the money to the defendants on a mortgage of the property, but did lend it when they conveyed to him by deed; that they resided on the place then and have resided on it ever since; that they acknowledged him as landlord and had paid part of the rent, about all the rent for 1873, and $10 00 for 1874, the latter amount being, when paid, receipted for as rent; that they failed to pay rent, and plaintiff demanded possession, which being refused, this action was brought. He further testified that the transaction was as it appears from the deed and the other instrument exhibited in evidence, and that possession was not given when the deed was made, but was retained by the defendants. A witness sworn in behalf of the plaintiff, testified that he was present, some time in 1874, when one of the defendants paid plaintiff $10 00 on account of rent for the premises in dispute, and that he, the witness, at their request, wrote a receipt.

The plaintiff contested none of the evidence, and the court charged the jury that he was not entitled to recover.

An absolute deed, not for any cause illegal, passes title, even if given as security for money. That is the way it serves for security. The legal title is the security contracted for and given, and why should the courts not treat it and en-

force it as the parties intended? Surely there is no law against putting the legal title in pledge for a debt—against passing that kind of title into the creditor by a *bona fide* conveyance, to abide in him, with all the incidents of ownership, until the debt is paid? If the parties wish to do such a thing, contract to do it, and proceed to carry their purpose into effect, we are aware of no obstacle in the law. It is not only innocent but in a high degree virtuous to secure honest debts; and equally so to stand to the agreed measure of security until they are paid. It does not follow, because a mortgage is only security, that every security is only a common mortgage. For instance, when negotiable paper is delivered as collateral, the legal title passes. Land is just as much the subject of transfer as negotiable paper; the only difference is, that title to land passes by deed, and title to negotiable paper passes by indorsement; or if payable to bearer, by simple delivery. In respect to neither class of property is it essential for what purpose the transfer is made. Land, like notes, may pass as a gift, or as a sale, or as mere security. When, for any one of these objects, the owner wishes to convey the title, the law furnishes the appropriate instrumentality for the accomplishment of his design. And the law, as it should do, confines both parties to the real design contemplated. When a deed given for security has served its purpose—that is, when the debt is discharged the creditor will be compelled (on all the facts being established by competent evidence,) to reconvey, should he decline to do so voluntarily. He will then be treated as holding title solely in trust for his former debtor. And it may be that even before the debt is paid, the debtor or his family, where his wife has not consented to the deed in terms of the statute, may, notwithstanding the character and general effect of the deed, be heard in assertion of the right of homestead. On that question we intimate no opinion as the case before us does not require it.

Reading the deed which we are now considering, in connection with the cotemporaneous instrument, the latter might be construed as a kind of defeasance upon the former, so that

the two taken together, as they should be, might amount to a species of mortgage; yet, that would not be enough to defeat the plaintiff's recovery; for, even a common mortgage might stipulate for admitting the mortgagee into possession, on breach of the condition; and there was, in fact, such a stipulation in writing between these parties. Effect, moreover, had been given to the stipulation by virtually admitting the creditor into possession; for the defendants had recognized him as landlord and paid rent. Until they have restored to him the possession which they hold under him, they cannot be heard to dispute his title: Code, section 2283; 43 *Georgia Reports*, 230. With regard to the time of bringing the action, it seems, from the evidence, to have been after the defendants had failed to pay their rent in full. If rent was due and unpaid the landlord had a right to re-enter immediately: Code, section 2385.

We will observe again that if the plaintiff is *only* a mortgagee, he is entitled to the benefit of the covenant for possession—certainly so, after having been received and treated as landlord. It may be unusual for a mortgagee in Georgia to enjoy the possession; but the Code anticipates that it may occur, and takes care to prescribe the time within which the mortgagor may redeem: section 1964. Doubtless, in redeeming, the debtor would be entitled to proper deductions from the debt on account of the profits of the land realized by the creditor while in possession.

The defendants in this case might, we think, have defended successfully by pleading the facts and tendering the debt and interest: See *Lackey vs. Bostwick*, 54 *Georgia Reports*, 45. As nothing of that sort was done, the instructions to the jury gave a wrong direction to the case, and produced a verdict for the defendants, when it ought to have been for the plaintiff.

It is not the purpose of this opinion to controvert the long and well established doctrine that any conveyance whatever, made by a debtor to his creditor for the sole purpose of securing a debt, is, in one sense, a mortgage; that is, the property is subject to be redeemed by payment of the debt. The maxim "Once a mortgage, always a mortgage," is used in

the books with reference to that attribute, and not with reference to the attribute of title or no title in the creditor while the debt is unpaid. Whatever is passed as security is redeemable. If the creditor takes the legal title as security, the legal title is redeemable; or if he acquires a lien, simply, (as is the case, in Georgia, under a common mortgage,) the lien is redeemable or extinguishable. The creditor's right (unless, it may be, under some peculiar statute,) does not become absolute and indefeasible upon the non-payment of the money at the time stipulated. Payment at any time will redeem. It is certainly true, that, with us, a mortgage proper passes no title; and the word mortgage is so frequently used as synonymous with lien—mere lien—that we are in danger of forgetting that such is not necessarily its meaning when the redemption element of conveyances is spoken of. Indeed, the strict idea of redemption is more adjustable to a security attended with title in the creditor, for the time being, than to one constituting a lien only. The awkwardness of using the phrase "equity of redemption," as descriptive of a right subsisting in the mortgagor under a Georgia mortgage, has not unfrequently been felt and adverted to. No such infelicity of language occurs where the legal title to property is put in pledge as a security. In that case, when the debtor does equity—that is, when he pays the debt—he redeems literally, and is reinstated, or gains the right to be reinstated, in his former ownership. It is, I think, because the word mortgage has a double meaning in our law, signifying, sometimes, that species of mere lien which is created by a common mortgage, and sometimes that implied equitable element in an actual conveyance by a debtor to a creditor which limits the creditor's right to hold only till his debt is paid, that doubt has arisen in reference to the subject of conveying the legal title as security for a debt. There has not always been due attention given to the fact, that it is not at all necessary to reduce an instrument to a mere lien in order to treat it as a security; or that to reduce it to a mortgage in the latter sense is not equivalent to reducing it to a mortgage in the former. When

the right to redeem is claimed, and there is an offer to exercise it by paying the debt, the creditor must submit to have his conveyance, however absolute, treated as a mortgage; not as a mere lien, remember, but as what it really is, in good conscience, namely, a conveyance for security until the debt is paid, not a conveyance for permanent or indefinite ownership. This is all that the right of redemption requires. That right may co-exist with title in the creditor, for the time being, quite as well as with a lien. The two species of security are not alike in other respects, but each is a security, nevertheless. With these views there is, I think, no direct conflict in any case solemnly adjudged, on the precise point. The case that diverges from them most is that of *Shaffer vs. Huff*, 49 *Georgia Reports*, 589; but in it the facts were complicated so with a homestead right in the property conveyed, that the naked question was not before the court in a way to stand on its own merits. The cases which simply maintain the debtor's right to redeem, however pointedly they assert the deed to be a mortgage, are in harmony with what has been said: 36 *Georgia Reports*, 138; 49 *Ibid.*, 514, 133; 52 *Ibid.*, 480. In *Lackey vs. Bostwick*, cited above, very ample support is given to the theory that the deed operates as title until the debt is paid or tendered.

The reason that no allusion has been made to section 1969 of the Code, in this discussion, is, that the deed before us stands without any evidence of having been made with the wife's consent.

Judgment reversed.