FISHER *v.* JONES COMPANY.

1. Where the levy of a mortgage *fi. fa.* embraced numerous articles of personal property, it was no cause for quashing the *fi. fa.* or for excluding it from evidence, with the entry of levy thereon, that the description of a few of the articles varied in the entry of levy from the terms of description embraced in the *fi. fa.* and mortgage. The levy may have been bad as to some of the property, but was undoubtedly good as to the residue, since the levy conformed to the descriptive terms used and set forth by the defendant himself in the mortgage.

2. A plea of payment may be supported by parol evidence that promissory notes were delivered and accepted in payment, without producing such notes or accounting for their non-production.

April 23, 1894. Argued at the last term.

Affidavit of illegality. Before Judge SMITH. Wilcox superior court. March term, 1893.

E. H. CUTTS and E. H. WILLIAMS, for plaintiff in error.
E. A. SMITH, *contra.*

SIMMONS, Justice.

1. A mortgage given by Fisher to the Jones Company on certain personalty was foreclosed and the mortgage *fi. fa.* levied, and Fisher filed an affidavit of illegality in which he alleged that he was not indebted in

any amount on the mortgage, it having been long since paid in full and cancelled; that in 1891 or 1892, Wishart, Mayfield & Mobley bought of the defendant the property covered by the mortgage, the consideration of the sale being that the purchasers were to give their notes to the Jones Company and take up the defendant's notes to secure which the mortgage had been given; and that this arrangement was carried out, the Jones Company relinquishing to Wishart, Mayfield & Mobley the defendant's notes and accepting in lieu thereof the notes of Wishart, Mayfield & Mobley.

On the trial of the case the plaintiff tendered in evidence the mortgage *fi. fa.*, and the defendant objected and moved to quash it, because the description of the property in the entry of levy was insufficient. The description in the entry of levy was, " one 40 horse-power engine, one boiler, one 25 horse-power engine, and 5 headblocks, one set of molding complete, one shaping machine, one planer, one hub-boring machine, one spoke-turning machine, one iron lathe." The description in the mortgage and in the *fi. fa.* was, " one 40 horse-power engine and boiler, one 25 horse-power engine, one sawmill complete, one shaping machine, one planing machine, one hub-sawing machine, one spoke-turning machine, two iron lathes." It will be observed that the levy embraces numerous articles of personal property, and that as to a few of these the description in the entry of levy varies from the terms of description contained in the *fi. fa.* and mortgage; but we do not think this would authorize the court to quash the *fi. fa.*, nor to exclude it as evidence. If the levy embraces any articles not described in the mortgage and *fi. fa.*, it is bad as to them, but it is certainly good as to the residue, since the levy conforms to the descriptive terms used and set forth by the defendant himself in the mortgage.

2. The defendant offered to prove: (1) that a sale of the

mortgaged property was made by plaintiff's consent to Wishart, Mayfield & Mobley, and that plaintiff accepted the notes of Wishart, Mayfield & Mobley for the purchase price in lieu of the note and mortgage involved in the present suit; (2) that the plaintiff admitted that he had received other notes in lieu of the note and mortgage sought to be foreclosed, and accepted said notes in settlement of the note and mortgage of the defendant, and had thereby released defendant from the note and mortgage sought to be foreclosed. The plaintiff objected on the ground that the notes claimed to have been so accepted were the best evidence, and the objection was sustained. Error is assigned on each ruling so made. We think the court erred in sustaining this objection. A plea of payment may be supported by parol evidence that promissory notes were delivered and accepted in payment, without producing the notes or accounting for their non-production. If the defendant had alleged and offered to prove that he had paid the notes and mortgage in bank bills or gold coin, the court certainly would not have required him to produce the identical bills or coin. The defendant did not propose to go into the contents of the notes, but merely proposed to prove the fact that notes had been accepted by the plaintiff in lieu of the note and mortgage which the plaintiff was then seeking to enforce, and that the plaintiff had thereby released the defendant from his obligation.     *Judgment reversed.*