## BRANTLEY COMPANY *v.* LEE *et al.*

1. Where a plea substantially and in general terms sets forth a defense of accord and satisfaction, and is especially demurred to on the ground that it does not with sufficient fulness set forth the defense relied upon, there is no error in overruling the demurrer, when it appears that the same was not filed within the time required by law.
2. A plea of accord and satisfaction may be supported by parol evidence that promissory notes were delivered and accepted in settlement, without producing such notes, or accounting for their non-production. It is, error, however, to allow the witness in such a case to go into the contents of the notes by testifying to the amount for which they were given.
3. The evidence in this case was not sufficient to demand a verdict for the defendants, and the court, therefore, erred in directing a verdict in their favor.

Argued November 23, — Decided December 21, 1898.

Complaint in trover. Before Judge Sweat. Ware superior court. April term, 1898.

The suit was against W. P. Lee and D. H. Lee, for 400 cords of wood, 1,200 cross-ties, and 1,600 rails. They answered, (1) that the property described was their own property; and (2) that their agent and servant accidentally and unintentionally went upon certain lands of the plaintiff, and thereon cut and manufactured said cross-ties, rails, and wood from timber thereon; and that by an agreement with Benton, an agent of the plaintiff, the damage so done was fixed at $125, and defend-ants' notes for this sum were executed and delivered to plain-tiff in full payment and satisfaction of the damages so done and for which the plaintiff seeks to recover. The plaintiff demurred to the second paragraph of the answer, and moved to strike it, upon the ground that it was defective as a plea of payment, be-cause it failed to allege that the notes were themselves paid, or that they were received by the plaintiff with the express understanding that they were themselves payment; and that it was not a good plea of accord and satisfaction, for it failed to allege the execution of the contract by the payment of the notes. The demurrer was overruled upon the ground that it was not filed, presented, or insisted upon in time, and was in-sufficient in law; and to this ruling the plaintiff excepted. It does not appear when the demurrer was filed. The plea was filed April 30, 1897, and the order overruling the demurrer is dated April 19, 1898.

The court directed a verdict for the defendants, and over-ruled a motion for new trial. This motion alleges, that the verdict was contrary to law, in that the evidence failed to show that the settlement claimed to have been made was made with the plaintiff or its authorized agent, or had been ratified by it; that the evidence failed to show that the notes alleged to have been executed and delivered in satisfaction of the trespass were accepted by the plaintiff in satisfaction of the same, or that they had been paid; and that the court erred in permitting W. P. Lee to testify that the defendants had executed their notes for $125 to the plaintiff and delivered the same to Benton, and in refusing, on motion, to rule out all the testimony of W. P. Lee

as to the notes, for the reason that the notes themselves were the best evidence of their contents, and their non-production was not accounted for.

The plaintiff rested its case upon the admissions in the defendants' plea. W. P. Lee testified: He and D. H. Lee were cutting ties close to plaintiff's land, and their inspector cut to what he thought was the line. Benton, agent for the plaintiff, said the defendants were over the line. They differed as to the amount of damage defendants had done, Benton wanting $250, and defendants claiming that $75 was the full value. They finally agreed on a settlement of $125 for damage done to the land, and defendants gave the plaintiff three notes for that amount, the notes being delivered to Bentley as agent for plaintiff. Benton said he was the agent of plaintiff. The settlement was not in writing. Witness traded in other instances with Benton as the agent of plaintiff. The understanding with Benton at that time was, that the entire matter of the damage to the land was closed by these notes. The notes were presented to witness for payment before the filing of this suit. No suit has been filed on notes, to the knowledge of witness, and the notes have never been returned to him. He presumes the plaintiff still has them. Benton, for plaintiff, offered to return the notes to witness before this suit was filed. Witness said to them that he expected to pay the notes, and did not want them. Witness sold the cross-ties cut from this land to the railroad company. $75 is the fair value of the cross-ties and rails. Defendants gave $125 to settle for the cross-ties and rails, to avoid any further trouble in the matter, and to adjust it. Another witness testified that he was cashier of a certain bank, and knew that Lee owed the plaintiff $125; either the notes were sent to the bank for collection, or some member of the plaintiff company spoke to witness about the matter; his best recollection was that the notes were sent to the bank for collection. If they were sent to the bank for collection, they were returned to the plaintiff. Witness has no positive recollection of ever seeing any notes signed by D. H. Lee and payable to the plaintiff. He knew that W. P. and D. H. Lee or W. P. Lee owed the plaintiff $125 for timber; either Lee

or some member of the plaintiff company told him the indebt‐
edness was for timber.

*Hitch & Myers,* for plaintiff.
*Toomer & Reynolds,* for defendants.

LEWIS, J.   1.  Civil Code, § 5047, provides that all demurrers
and pleas shall be filed and determined at the first term, unless
continued by the court, or by consent of parties.   It does not
appear from the record in this case when the plaintiff's de‐
murrer to the plea was filed, or whether it was filed at all.   It
does appear, however, that the judgment overruling the de‐
murrer was rendered nearly a year after the plea was filed ; and
we are authorized to infer from this fact, and from the state‐
ment made by the judge in his order, that the demurrer was
not filed within the time required by the statute, or even at the
term of the court next succeeding the filing of the plea.   The
demurrer only going to the defect in the plea, in that it was
not sufficiently full and explicit, a defect which is clearly
amendable, we do not think there was any error in overruling
the same, although its special grounds may have been well
taken.   The policy of the law seems to be to settle all these
questions with reference to the sufficiency of the pleadings at
the first term of the court, which is a wise provision to prevent
pleas of surprise growing out of amendments, and continuances
of cases at the trial term.

2.  In *Fisher* v. *Jones Company,* 93 *Ga.* 717, it was decided that a
plea of payment may be supported by parol evidence that prom‐
issory notes were delivered and accepted in payment, without
producing such notes or accounting for their non-production.
It was, therefore, not error for the court to permit the defend‐
ant Lee to testify in this case that the defendants had executed
their notes and delivered them to the plaintiff in satisfaction of
this demand.   The witness, however, went further, and testi‐
fied that the notes were given for $125.   This was necessarily
going into the contents of the notes, and the notes themselves
were the best evidence of the fact as to the amount named
therein.   We do not mean to say, however, that such an error
alone would require a reversal of the judgment; for the mate‐

rial fact was whether or not the matter had been settled by the giving of notes. If it had been, the amount of the notes was perhaps immaterial to be considered.

3. The defense relied on in this case was a settlement had by the defendants with the alleged agent of the plaintiff. The only testimony tending to show the agency was that of the defendant Lee, who stated that Benton said he was the agent of the Brantley Company, and witness traded in other instances with Benton as the agent of the Brantley Company. While the cashier of the bank testified that the "notes were sent to the bank for collection, or some member of the Brantley Company spoke to the witness about the matter," yet, he further testified that he had no positive recollection of ever seeing any notes signed by the defendants and payable to the Brantley Company, and also said that *if* they were sent to the bank for collection, they were returned to the Brantley Company. There is no evidence, then, in the record, showing any express authority given by the company to Benton to make a compromise or settlement of their claim for the property in dispute; and we think the evidence offered is entirely too indefinite and uncertain to authorize the judge to conclude that it demanded a finding that the plaintiff subsequently ratified the settlement made by Benton with the defendants. The court erred, therefore, in directing a verdict for the defendants, and for this reason the judgment is reversed and a new trial ordered.

*Judgment reversed.    All the Justices concurring.*