2964.   ARMOUR & CO. *v.* BLUTHENTHAL & BICKART.

1. Where suit is brought on an account with a bill of particulars containing each item of the account, a recovery can be had only for those items proved as alleged and set out in the bill of particulars.
2. The fact of payment may be shown by parol evidence, although the payment may have been made by a check, which is not produced.
3. In a suit on a contract guaranteeing the payment of an account, the burden is on the plaintiff to prove the contract of guaranty, that the goods were sold and delivered in accordance with and on the faith of the guaranty, and that no part of the account has been paid by the principal debtor. This is true whether the contract of guaranty be absolute or conditional.

DECIDED SEPTEMBER 23, 1911.

Complaint; from city court of Atlanta—Judge Calhoun. September 29, 1910.

*Anderson, Felder, Rountree & Wilson,* for plaintiffs.

*Slaton & Phillips,* for defendants.

HILL, C. J.   Armour & Company brought suit against Bluthenthal & Bickart for $3,066.98, the price of a car-load of hotel supplies, alleged to have been shipped and delivered to the Toxaway Hotel Company upon a written guaranty of payment therefor,

made by the defendants to the plaintiffs. The jury found a verdict for the plaintiffs, for $1,588.04 principal, besides interest. The plaintiffs, being dissatisfied with the amount of the verdict, filed a motion for a new trial, and the case is here on exception to the judgment overruling the motion. The plaintiffs insist that they proved all the items of the bill of particulars attached to the petition, and therefore were entitled to a verdict for the full amount of the suit, and they specifically assign error on the ruling of the trial judge in directing the jury to find against their claim as to two items of the account, and contend also that the verdict was further improperly reduced in amount because of the finding of the jury of a payment of $1,000 on the account, it being insisted that there is no legal evidence as to this payment, and that the ruling admitting the testimony in reference thereto was erroneous. It is conceded that the plaintiffs proved all the items of the account except the two which the court instructed the jury the plaintiffs failed to prove. The first of these two items is the first in the bill of particulars, and is as follows: "5   21/2 chix loaf 10   95   $9.50." The second item is the fifteenth in the bill of particulars, and is as follows: "40   bl.   livers     2934     16     $469.44." The witness relied upon by the plaintiffs to prove these items testified as follows: "Now, there are two items here that are not absolutely correct. The first item on the first line of the account is ' 5 21/2 chicken loaf. ' There is no such package as that. That should be five cases, 24 cans, 2 pounds each, which means two dozen halves. On the 15th line there is 40 livers noted here, 2934 pounds. That should be loins, beef loins. Livers at 16 cents a pound. That is clearly a mistake. The amount of $3,066 is right, and has not been paid. With the two changes to which I have referred, the items of the account are correct."

As to the first item, we think that there was no material variance between the allegation and the proof. There was no special demurrer to this item, although somewhat indefinite, and the evidence of this witness explaining this item of the account was that what was meant by "chicken loaf" was 5 cases, 24 cans, 2 pounds each, $9.50. The evidence shows that there were five cases of chicken loaf, each case containing 24 cans, 2 pounds each. In other words, the only variance in the allegations and the proof is that there were 24 cans, instead of 21, contained in the five cases

of chicken loaf. The price, however, claimed for this item of the account is $9.50. We can not think that the slight variance between the allegation in the bill of particulars as to the number of cans contained in the five cases and the proof in support of that item of the bill of particulars is at all material, and we think that the court erred in holding that the plaintiffs failed to prove this item in the bill of particulars, and in instructing the jury to that effect.

As to the item in the bill of particulars claiming $469.44 for 40 barrels of livers, when the proof showed that no such livers were furnished, and that this item should have been 40 barrels of loins, instead of livers, we do not think there was any evidence proving this item of the account, and the court properly so instructed the jury. Clearly a suit for 40 barrels of livers is not proved by showing that no livers were furnished, but, instead of livers, that 40 barrels of loins were furnished. It would be as logical to claim that a man sued for a horse of a certain value could be held liable for the horse, although the evidence showed that it was a cow, and not a horse, which he had purchased. As to this item the plaintiffs should have amended to meet the proof. Failing to amend, they can not be heard to complain that the judge instructed the jury to the effect that proof of the sale of 40 barrels of loins did not support the allegation in the bill of particulars that 40 barrels of livers were sold. The burden was upon the plaintiffs to prove every item in the bill of particulars substantially as alleged. The defendants are only called upon to meet the allegations set out in the bill of particulars, and presumptively they prepare to meet the items of the bill of particulars, and not others that may be proved against them, and they are entitled to demand that the evidence prove the items of the bill of particulars as alleged. So much for these two items of the account set out in the bill of particulars which the trial judge directed the jury to disregard because they were not proved. What is here written relating to the item of 40 barrels of livers claimed in the bill of particulars as part of the account is the view entertained by a majority of the court. The writer does not fully concur in this opinion. No objection was made by the defendants to the evidence of the plaintiffs explaining and correcting this item. It seems to me, therefore, that in the absence of such objection there was a tacit admission that the item

as written in the bill of particulars, was only a clerical error, and should have been "loins, beef loins," instead of "livers." Neither was there any denial of the allegation as corrected that the "beef loins" had been delivered and received by the Toxaway Hotel Company as among the contents contained in the car of hotel supplies, payment for which was covered by the guaranty. In the absence of any objection to the evidence explaining and correcting this item of the bill of particulars, or any question that the "loins, beef loins," had been in fact delivered to the hotel company, I think no amendment was necessary, and that the plaintiffs were entitled to recover this item of the account. See *Haiman* v. *Moses*, 39 *Ga.* 708. The contrary view, it seems to me, is a too strict adherence to the technical rules of pleading at the expense of substantial right. It presents a situation where the plaintiffs lose entirely payment for their property which was admittedly delivered to the original debtor; for any subsequent suit for the amount would probably be res adjudicata.

The next point insisted upon by the plaintiffs is that the jury improperly allowed a credit of $1,000 to the defendants. It was insisted that there was no legal evidence proving this credit. The Toxaway Hotel Company was the original debtor, the payment of whose debt was guaranteed by the defendants. The president of that company testified, in substance, that on September 10, 1906, the Toxaway Hotel Company made a payment of $1,000 to Armour & Co., the plaintiffs, that this payment was for material which Armour & Co. had furnished to the Toxaway Hotel Company, and that the payment was subsequent to the furnishing of the car-load of supplies by Armour & Co. to the hotel company, in pursuance of the written guaranty made to them by the defendants. While it is not absolutely clear, in view of the other testimony of the president of the Toxaway Hotel Company, that his company was indebted to Armour & Co. on various other accounts contracted during the year 1906, in addition to the car-load of supplies for which the suit was brought, yet the question whether or not the $1,000 was paid for the car-load of supplies, or paid on some other account, was issuable, under the evidence. If it was not paid on the car-load of supplies when it was claimed as a credit by the defendants, the plaintiffs should have made it clear to the jury that this credit was not properly applicable to the car-load of supplies

because it was a payment for other articles. But it is further insisted that there was no legal evidence before the jury of the payment of the $1,000 to Armour & Co. by the Toxaway Hotel Company on any account. It is insisted that the testimony as to this payment, in the light of the cross-examination of the witness relied upon to prove the payment, was illegally admitted in evidence by the court over the objection of plaintiffs. On cross-examination this witness testified, that the payment was made by a check sent in a letter; that that was the usual and customary way adopted by the Toxaway Hotel Company in the payment of all its debts; that the payment of the $1,000 was not made directly to any agent or officer in person of Armour & Co., but was simply a check inclosed in a letter and sent by the hotel company to Armour & Co. It is insisted that the letter and the check were the best evidence of the payment, and that the testimony admitted was secondary and without probative value. We do not agree with this view. The witness testified positively that the payment of the $1,000 was made. It was wholly immaterial whether it was made by check or in currency, and the positive statement of the witness that this payment was made carries with it the necessary implication that if it was made by a check, the check was accepted in payment, and that the check was paid. Besides, it is well settled that the fact of payment may be proved by parol testimony, where the payment was made by a check or promissory note, without producing such check or note, or accounting for their non-production. *Fisher* v. *Jones Co.*, 93 *Ga.* 717 (21 S. E. 152). It may be further stated that the witness who testified positively as to this payment was not only the president of the original debtor, the Toxaway Hotel Company, but he was introduced by the plaintiffs; and we think, for the reasons stated, the evidence was properly admitted to the jury, even without the production of the letter or the check; and, as before stated, the question as to whether the payment was made on the account sued on, or on some **other account, was** issuable.

The next point raised by plaintiffs is that the trial judge erred in charging in effect that the burden was upon the plaintiffs to show that no payment had been made,—in other words, to prove affirmatively that the account was unpaid,—and in refusing a written request to charge that payment was a matter of defense, and that the burden of showing payment was on the defendants. The

court charged, in effect, that the burden was upon the plaintiffs to make out their case by showing that the goods sued for were sold and delivered, and, furthermore, had not been paid for. Ordinarily, where suit is brought for goods sold, it would be sufficient, to shift the burden, for the plaintiff to show that the goods were sold and delivered; and in such case payment is an affirmative defense which should be set up and proved by the defendant; and this is the ruling in the case of *Christian* v. *Bryant,* 102 *Ga.* 561 (27 S. E. 665), relied upon by the plaintiffs in error. But this is a suit, not against the original debtor, but against the guarantors; and if the guarantors made any payment on the account, the burden was upon them to show the fact of payment. But where suit is brought against a guarantor, the plaintiff must show the contract of guaranty, and refusal to pay the account by the principal debtor, and, ordinarily, notice by the creditor to the maker of the guaranty, before the goods were sold and delivered, that the same were accepted, and should allege that on the faith of such guaranty the goods represented by the account sued on were sold and delivered as requested in the guaranty. *Small* v. *Claxton,* 1 *Ga. App.* 83 (57 S. E. 977). Certainly, in all cases, whether the contract of guaranty be absolute or conditional, the plaintiff must show, in order to make out a prima facie case, his contract of guaranty, that the goods were furnished in pursuance of the contract of guaranty, and that the debt has not been paid by the original debtor; for only under these circumstances would the guarantor be liable on his contract. In other words, in cases of suits against guarantors, the non-payment of the debt by the principal debtor is a material fact necessary to constitute the plaintiff's cause of action, and it must be alleged in the petition and proved as a part of the plaintiff's case. 16 Enc. Pleading and Practice, 932; State v. Peterson, 142 Mo. 526. The foundation of the suit against the guarantor is the failure of the principal debtor to pay the debt guaranteed; for only in the event of such failure could there be any liability on the guaranty. 30 Cyc. 1265. We conclude, therefore, that the trial judge did not err in instructing the jury that the burden was on the plaintiffs to allege and prove that no part of the account had been paid by the original debtor, and this burden was upon the plaintiffs whether the guaranty was conditional or absolute.

This case has been twice before this court, and, in view of the fact that the only error of the trial judge was an instruction to the jury not to allow the $9.50 for the items of the bill of particulars referred to in the former part of this opinion, we think there should be an end to the litigation; and, while we can not direct that the judgment below be increased in amount, we think that the defendants should be allowed the privilege of paying the $9.50, and we therefore decline to grant a new trial, if the defendants, when the remittitur is filed, will pay to the plaintiffs the $9.50 and interest thereon. But if the defendants refuse to accede to this, a new trial must be granted.

*Judgment affirmed on condition.*