## LIVINGSTON v. HIRSCH et al.

RUSSELL, C. J.   1. It being provided by the Civil Code of Georgia of 1910, § 10, that "Laws made for the preservation of public order or good morals can not be done away with or abrogated by any agreement; but a person may waive or renounce what the law has established in his favor," when he does not thereby injure others or affect the public interest," a stipulation in a deed to secure debt, that upon default in the payment of the indebtedness thereby secured the grantees "may enter upon said premises and collect the rents and profits thereof, and may sell said property at auction . . to the highest bidder for cash, first giving four weeks notice of the time, terms, and place of such sale, by advertisement," etc., constitutes a waiver by the borrower, the grantor in the deed, of the benefit given to mortgagors by § 3267 of the Code, which provides: "If the possession of the property is given to the mortgagee, the mortgagor may redeem at any time within ten years from the last recognition by the mortgagee of such right of redemption."

2. Where, after default by the grantor, the grantees in a deed to secure debt, containing the above written agreement, went into possession of the premises described therein, and notified the tenants that future rents were to be paid to a named agent of the grantees, such exercise of the right of possession did not interpose any legal obstacle to the sale of the property under the power of sale contained in the deed. The provisions of § 3267 of the Code do not prevent a borrower from contracting with a lender, as was done in this case, that the latter could take possession of the premises and collect the rents, and also exercise the power of sale.

3. It was not error for the judge of the superior court to refuse an interlocutory injunction to prevent the exercise of the power of sale contained in a deed to secure debt as described above, the sole ground upon which the prayer for injunctive relief was based being that the grantees, being in possession of the mortgaged property, under § 3267 of the Code could proceed no further until the expiration of the debtor's right of redemption of ten years.

*Judgment affirmed. All the Justices concur.*

No. 7970.   JUNE 11, 1931.

856

*Mitchell & Mitchell,* for plaintiff.
*McElreath & Scott,* for defendants.