## 24895. BUTTS *v.* MARYLAND CASUALTY COMPANY.

DECIDED MARCH 17, 1936.

*James R. Davis,* for plaintiff in error. *T. P. Stephens,* contra.

MacINTYRE, J. The plaintiff sued the defendant on certain promissory notes secured by mortgage deed to land in Florida. The defendant pleaded that the notes sued on were paid in full and satisfied by his surrender of the property described in the mortgage deed to the Security Bond and Mortgage Company in full and complete satisfaction of the debt; that said Security Bond and Mortgage Company accepted said property in settlement of the notes sued on; and that the settlement was beneficial to the then owners and holders of the said notes in that it enabled them to obtain said property without the expense of foreclosure. The defendant admitted the execution of the note and mortgage deed declared on. During the trial the following questions were propounded, and the following answers given: "Q. In settlement of these notes with the Security Bond and Mortgage Company did you or not deliver them the deed? A. I did. Q. Who did you deliver it to? A. To the Security Bond and Mortgage Company. Q. Did they accept it? A. Yes, sir. Q. Where was that? A. In Jacksonville, Florida. Q. Have you had the deed since? A. No, sir. Q. That deed was in settlement of the debt? A. Yes, sir." This evidence was objected to on the ground that the deed was the highest evidence, and that it was an attempt to

prove the contents of the deed. The objection was sustained; and a verdict for the plaintiff was directed.

Apparently the defendant was trying to bring himself within the following rule laid down in *Brantley Co.* v. *Lee,* 106 *Ga.* 313, 316 (32 S. E. 101): "In *Fisher* v. *Jones Company,* 93 *Ga.* 717 [21 S. E. 152], it was decided that a plea of payment may be supported by parol evidence that promissory notes were delivered and accepted in payment, without producing such notes or accounting for their non-production. It was, therefore, not error for the court to permit the defendant Lee to testify in this case that the defendants had executed their notes and delivered them to the plaintiff in satisfaction of this demand. The witness, however, went further, and testified that the notes were given for $125. This was necessarily going into the contents of the notes, and the notes themselves were the best evidence of the fact as to the amount named therein. We do not mean to say, however, that such an error alone would require a reversal of the judgment; for the material fact was whether or not the matter had been settled by the giving of notes. If it had been, the amount of the notes was perhaps immaterial to be considered." "If the defendant had alleged and offered to prove that he had paid the notes and mortgage in bank bills or gold coin, the court certainly would not have required him to produce the identical bills or coin." *Fisher* v. *Jones,* supra. Suppose the proposed evidence that the notes were paid in full and satisfied by the surrender of the property, which was accepted by the plaintiff in settlement of the notes sued on, had been admitted, and no evidence in reply had been offered, as the case then would have stood, the defendant would have had uncontradicted and undisputed evidence that the notes sued on had been paid. Justice and common sense unite in upholding the proposition that under such circumstances there ought not to be a recovery for the plaintiff, notwithstanding the existence of some sort of a writing between the parties as to the matter involved. We do not know how the plaintiff would have met the evidence as to the alleged payment in full, or of what value to the plaintiff the deed would have been had it been produced, but we think that, taking the defense as the defendant proposed to make it out, the defendant should not have been cut off by a direction of a verdict against him. If, in the trial of a case like the present, the deed at any

time becomes important to the rights of either party, it can be produced; and should there be a conflict between it and the parol evidence offered by either side, its terms will of course be conclusive. The material fact in the instant case is whether or not the matter had been settled by the giving of the property back to the plaintiff. Of course the plaintiff must have agreed that the notes were paid in full by the surrender of the property. The method employed in giving back the land is not the foundation of the defense. The method, or methods, employed in returning the property is only collaterally in point. See, in this connection, *Burch* v. *Harrell*, 93 *Ga.* 719, 722 (20 S. E. 312); *Cabaniss* v. *State*, 8 *Ga. App.* 129 (13) (68 S. E. 849).

"The fact of payment may be shown by parol evidence, although the payment may have been made by check, which is not produced." *Armour* v. *Bluthenthal*, 9 *Ga. App.* 707 (2) (72 S. E. 168). "A plea of payment may be supported by parol evidence that certain checks were delivered and accepted in payment, without producing such checks or accounting for their non-production." *Kennedy* v. *Walker*, 156 *Ga.* 711 (2) (120 S. E. 105). "A witness may testify to the fact that certain rent notes were paid, without producing record evidence of their payment." *Borders* v. *Macon*, 18 *Ga. App.* 333 (3). "A plea of payment may be supported by parol evidence that promissory notes were delivered and accepted in payment, without producing such notes or accounting for their non-production." *Fisher* v. *Jones*, supra. "Parol evidence as to the existence of notes, checks, receipts, books, letters, and the like, or as to their location, size, length, quantity, etc., but not undertaking to disclose the material contents thereof, is not subject to the objection that the writings themselves would be higher proof. Where such writings are only collaterally in point, and are in no sense the foundation of the action or defense, even their contents may sometimes be shown by parol without accounting for the non-production of the papers themselves." *Continental Trust Co.* v. *Bank of Harrison*, 36 *Ga. App.* 149 (136 S. E. 319). It is true that the defendant also pleaded: "If the plaintiff in this case is the owner of said notes, it became the owner after said notes were due and after said property had been surrendered up and deeded back to the Security Bond and Mortgage Company. Defendant says further that said plaintiff acquired said notes after

the same matured and took them subject to all of the defense this defendant had or might have had against the original payee." This part of the plea was for the purpose of allowing the defendant to plead and prove any defense against the present holder that he could have pleaded against the original payee; and when the defendant said that he surrendered the property and deeded it back, this part of the plea was setting out only a collateral point, to wit, that a defense against the original payee was good against the present holder.

On the whole, we think the case should be tried again; and if on the next trial the defendant submits the same defense that he offered on the last, he will have established a prima facie defense; but the record suggests nothing which will prevent the plaintiff from establishing the contrary, if the truth and justice of the case so demand.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*