## 38725.   TURNER v. DUPREE.

CARLISLE, Judge.   This was a suit to recover a sum allegedly due as a deficiency after the foreclosure of a deed to secure debt held by the plaintiff subject to a pre-existing deed to secure debt on the same property and to recover a sum allegedly paid by the plaintiff to prevent foreclosure of the pre-existing deed. The defendant pleaded accord and satisfaction.

On the trial, the plaintiff's evidence tended to sustain the allegations of his petition as to the execution of the original undertaking between the parties, the default by the defendant, and the amount of the deficiency. The defendant testified substantially that after she was in default in her payments due the plaintiff she agreed to surrender the property to the plaintiff without the necessity of a possessory proceeding; that she did, in fact, surrender the property to the plaintiff under that agreement and that in return the plaintiff agreed that there would be no further claims asserted against her on account of the debt secured by the deed. The plaintiff made a motion for a directed verdict substantially in the amount sued for which the trial court refused, and after the jury had returned a verdict for the plaintiff permitting a recovery of the amounts which he claimed he had paid to prevent foreclosure of the pre-existing deed, the plaintiff made a motion for a judgment in accordance with his motion for a directed verdict. The trial court overruled that motion, and the exception here is to that judgment. *Held:*

"Although after a default the creditor under a security deed is entitled to maintain ejectment to obtain possession of the property from the debtor (*Bennett v. Green,* 156 Ga. 572, 579, 119 S. E. 620; *Livingston v. Hirsch,* 172 Ga. 854, 159 S. E. 253; *Carswell v. Hartridge,* 55 Ga. 412; *Biggers v. Byrd,* 55 Ga. 650; *Dykes v. McVay,* 67 Ga. 502), and although the instrument may expressly give to the creditor the right after a default to enter upon the premises and collect rents and profits, as well as the right to sell the property at public sale after legal advertisement, still the voluntary giving up of possession and of all claim and defense, without the constraint of any proceeding under the contract or under the statute, may afford the basis of a valid satisfaction of the debt, where the debtor's agreement has been executed. *Butts v. Maryland Casualty Co.,* 52 Ga. App. 838 (184 S. E. 774); 1 C. J. 551, § 70." *Mortgage Purchase & Sales Co. v. Williamson,* 55 Ga. App. 92 (189 S. E. 293). The defendant's evidence authorized the jury to find that there had been an accord and satisfaction under the foregoing rule of law. Whether the defendant was the procuring cause of her son and daughter-in-law vacating the property or whether the plaintiff's threats of foreclosure or the actual pending foreclosure proceeding was

412

the procuring cause was at least a question of fact which the jury resolved in favor of the defendant. The evidence did not demand a verdict for the plaintiff for the alleged deficiency. *Judgment affirmed. Townsend, P. J., Frankum and Jordan, JJ., concur.*

DECIDED MARCH 17, 1961—REHEARING DENIED MARCH 28, 1961.

*Johnson, Hatcher, Meyerson & Irvin, Henry M. Hatcher, Jr.,* for plaintiff in error.

*Houston White,* contra.