Morrison, Heard & Company vs. Ponder et al.

MORRISON, HEARD & COMPANY, plaintiffs in error, vs. E. G. PONDER et al., defendants in error.

1. The lien of an attorney-at-law attaches, for his fees, upon all property recovered by his services, and is superior to all other liens thereon.
2. When, by the written consent of the parties, the questions of law and fact were submitted to the presiding Judge, in lieu of a jury, as to the fees claimed by counsel, in the particular case mentioned in the record, his judgment will not be set aside, unless some rule of law has been violated, or unless his judgment is so strongly and decidedly against the weight of the evidence as would authorize this Court to set aside the verdict of a jury.
3. If A and B are contesting for money, in the hands of a Receiver, a bill of exceptions will not be dismissed because said Receiver is not made a party thereto. (R. See report.)
4. If a cause is submitted to the Court to decide both as to the law and the facts, a writ of error will lie to his decision, though it is not so stipulated in the submission. (R. See report.)

Lien of Judgments, and for Attorney's fees. New trial. Before Judge HOPKINS. Fulton Superior Court. October Term, 1872.

The facts of this case are fully stated in the opinion. The money, about which the parties were at issue, was in the hands of George W. Adair, as Receiver, appointed by the Court, and the cause was begun by a rule against him by the attorneys. He answered that he had the money, subject to the order of the Court. Then Morrison, Heard & Company came and made the issue as to the right to take said fund.

Adair was not made a party to the bill of exceptions. The parties had agreed to submit the questions of law and fact to the Judge below, and did *not* agree that this Court might review his opinion. Defendant's counsel moved to dismiss the bill of exceptions, because Adair was not a party to it, and because this Court could not review said decision, in the absence of an agreement that it might do so. The motion was overruled.

CLARK & SPENCER ; A. W. HAMMOND & SON, for plaintiffs in error.

L. E. BLECKLEY; J. M. CALHOUN & SON, for defendants.

WARNER, Chief Justice.

This was a motion made in the Superior Court to distribute the sum of $3,475, arising from the sale of one-half of a lot in the city of Atlanta, sold under the order and decree of a Court of equity, as the property of Ponder. By the written consent of the parties, both the facts and the law were submitted to the Judge of the Superior Court, in lieu of a jury, upon an agreed statement of the facts.

On the hearing of the case, the main question between the contesting parties was in relation to the lien of the attorneys, who had brought the money into Court, under the decree, and a judgment creditor of Ponder. The Court decided that the sum of $1,500 should be paid to Calhoun & Son, as well as certain specified fees to other counsel in the case, but as no complaint was made in this Court as to the allowance of attorneys' fees, except as to the fee of Calhoun & Son, our judgment will be confined to their claim.

It appears from the facts disclosed by the record, that in the year 1861 Ponder employed Calhoun & Son as his original counsel to institute an action of divorce against his wife, Ellen Ponder, and to file a bill, on the equity side of the Court, to set aside a deed made by Ponder to his wife, embracing a large amount of property, mostly slaves. The complainant contracted to pay them for their services the sum of $250 certain, and the sum of $2,500 on condition that the litigation should be determined in his favor. The litigation continued about ten years, and, by the results of the war, all the property was lost, except the city lot in the city of Atlanta. In January, 1871, a decree was taken by the consent of the parties litigant, that the city lot should be the

joint property of the complainant and defendant, and that the same should be sold and the proceeds thereof, after paying costs of suit, etc., should be paid, one half to the counsel of the respective parties, to be by such counsel paid over to their respective clients, subject only to such liens, for the fees of all counsel concerned, as may exist *by law*, or may be usually recognized by Courts of equity. *"The liens of counsel shall, until the sale, be in full force against the land itself"* In November, 1870, Morrison, Heard & Company obtained a judgment against Ponder, in the District Court of the United States, for the sum of $2,450. After the decree was rendered for the sale of the lot, to-wit: in February, 1871, Ponder and Calhoun & Son had a settlement in regard to their fee, by which they agreed to give up to Ponder his original obligation to pay the conditional fee of $2,500, and took his note for $1,500, as the amount due them for their services as his counsel in the divorce and equity cases.

1. What is the law applicable to the facts disclosed in the record? The 1979th section of the Code declares, that the attorney's lien shall attach, for his fees, upon all property recovered by his services, and shall be *superior to all other liens thereon.* The one-half of the city lot was recovered, and the proceeds of the sale thereof were brought into Court, by the services of Calhoun & Son, the original counsel in the case, and the decree of the Court of equity, which vested the title to the one-half of the lot in Ponder, expressly declares that the liens of counsel shall, until the sale thereof, be in full force against the land itself, and consequently was a lien on the proceeds of the sale of the land. When the judgment creditor obtained his judgment against Ponder, the latter had no interest in the lot which could have been levied on and sold as the property of Ponder. Ponder's interest in the property accrued only from the date of the decree, and that interest was subject to the lien of the attorney's fees; and the judgment creditor of Ponder has no greater or better claim to the proceeds of the sale of the lot than Ponder himself

had. Ponder took the one-half of the lot, under the decree, subject to the attorneys' lien for the fees due them, and his judgment creditors are in no better condition than Ponder. The attorneys have a *superior lien* on the land and the proceeds of the sale thereof, for the fees due them for services rendered in recovering the property, either as against Ponder or his judgment creditors.

2. The only remaining question is, whether the evidence disclosed by the record, is sufficient to sustain the judgment of the Court in awarding the sum of $1,500 to Calhoun & Son, for their professional services, in the two cases in which they were retained by Ponder ? The evidence is, that they were his original counsel, drafted the libel for divorce and the bill in equity, in 1861, and have rendered services in the two cases ever since, a period of about ten years; principally made out the interrogatories for one side, and crossed them for the other side; carried on the correspondence with the complainant, and counseled and conferred with him at all times when called on. Besides, there is the written contract of Ponder, promising to pay them $1,500 for their services in the two cases. There is a *disclaimer* of any fraud or collusion between Ponder and Calhoun & Son, to defeat the claim of the judgment-creditor in taking the note of Ponder for the $1,500, in February, 1871, and *no evidence* was offered to show that their services were not worth *that amount.* The judgment of the Court, therefore, allowing them $1,500 for their professional services in the two cases, cannot be said to be so strongly and decidedly against the weight of the evidence as to authorize this Court to set it aside and order a new trial.

Let the judgment of the Court below be affirmed.