### 50611. TALLEY-CORBETT BOX COMPANY v. ROYALS.

DEEN, Presiding Judge.

Royals sued the appellant corporation for wrongfully withholding funds belonging to him, alleging $15 actual damages, $5,000 punitive, and $2,500 attorney fees, a total of $7,515. The jury returned a verdict of $7,501. The circumstances are as follows: Royals, a logger for the appellant and covered by its workmen's compensation insurance, was injured in a compensable accident on September 4, 1970. Compensation checks of $45 per week, a total of $585 representing 15 weeks, were sent by the insurer to appellant to be delivered to Royals. They were not delivered, and Royals testified that he went to the office shortly before Christmas to collect them but was told that since he owed the company money for an equipment advance the company was retaining them. However, since they were made out directly to Royals, the company could not cash them. It instituted garnishment

proceedings against the insurer on December 24, 1970; discovering its error in that proceeds of workmen's compensation awards are not subject to garnishment it dismissed the action February 5, 1971. At some time between the middle and end of January and after counsel had been retained the checks were released to the plaintiff. Plaintiff alleges that the retention of the compensation checks in order to force a payment agreement was a malicious and intentional tort and trespass, for an illegal purpose. *Held:*

1. Where legal title to notes or checks is in the plaintiff and a conversion by the defendant is alleged, the tort is an injury to personalty, the statute of limitation of which is four years. Code § 3-1003; *O'Callaghan v. Bank of Eastman,* 180 Ga. 812, 818 (180 SE 847). This is not an action based on injury to the person; therefore, it was timely brought within four years of the commission of the tort.

2. Since the plaintiff sued for a total of $7,515, of which $15 was actual damages, and the jury returned a verdict of $7,501, based on the plaintiff's testimony that his expenses in the attempt to regain the checks were at least $1 for gasoline, it is quite clear that the verdict represents $1 actual damages (the only amount sustained by the evidence); $5,000 punitive damages (the amount sued for) and $2,500 attorney fees (the amount sued for). It is immaterial that the jury was not required to break down its total into these categories. However, there was no evidence whatsoever introduced as to what reasonable attorney fees might be, nor even as to what services the attorney had performed. "An attorney cannot recover for professional services without proof of their value." *Fry v. Lofton,* 45 Ga. 170 (3). This case is cited and distinguished in *Overton-Green & System, Inc. v. Cook,* 65 Ga. App. 274, 279 (16 SE2d 50), a workmen's compensation case where the board has a statutory right to fix fees in the absence of specific evidence. It is again cited in the dissenting opinion in *Gleaton v. City of Atlanta,* 131 Ga. App. 399, 404 (206 SE2d 46) and is surely the law of this state wherever the amount is for a jury to decide. Testimony as to the value of an attorney's services is opinion evidence. This accords with the general rule that the worth of

property (or of services) is a property right which by its nature can only be determined by testimony stating the opinions of witnesses as to its value. *Hoard v. Wiley,* 113 Ga. App. 328 (3), 334 (147 SE2d 782). The appellee cites *Baker v. Richmond City Mill Works,* 105 Ga. 225 (31 SE 426) in his contention that jurors are not absolutely bound by the opinions of witnesses as to the value of professional services, which is true, but in that case also it is pointed out, at page 226, that "it was incumbent upon the plaintiff to show by evidence what was a proper amount to be allowed for the same."

It follows that the plaintiff, having failed to prove that the attorney's services were of any value whatever, or what a reasonable fee for the services would be, is not entitled to recover for this element of his lawsuit. Since we know that the amount returned was $2,500, and since no other error of law appears, the case is affirmed on condition that the plaintiff consent to write off the sum of $2,500 for attorney fees; otherwise reversed.

*Judgment affirmed on condition. Evans and Stolz, JJ., concur.*

ARGUED APRIL 29, 1975 — DECIDED MAY 9, 1975.

*M. Dale English,* for appellant.
*Jack W. Carter,* for appellee.