## 54797. WILLIS-WADE COMPANY, INC. v. LOWRY.

BIRDSONG, Judge.
From an adverse jury verdict, Willis-Wade Co., Inc. appeals. *Held:*

1. Appellant enumerates as error the trial court's denial of its motion for directed verdict, as well as the denial of its motion for judgment notwithstanding the verdict. A thorough review of the record and the transcript reveals that the evidence amply supports a finding that appellee was a party to the sales contract signed by her husband, by virtue of an agency relationship, and further, that appellant breached the terms of said contract. The trial court did not err in denying either appellant's motion for directed verdict or its motion for judgment notwithstanding the verdict. *Maloy v. Planter's Warehouse &c. Co.,* 142 Ga. App. 69 (2) (234 SE2d 807).

2. Appellee, ". . . having failed to prove that the attorney's services were of any value whatever, or what a

reasonable fee for the services would be, is not entitled to recover for this element of his lawsuit." *Talley-Corbett Box Co. v. Royals,* 134 Ga. App. 769, 771 (216 SE2d 358). Moreover, "[i]t is error for the trial judge to charge the jury as to issues which are made by the pleadings but unsupported by the evidence. [Cit.]" *White v. Hammond,* 129 Ga. App. 408, 412 (199 SE2d 809). See *White v. Seaboard C. L. R. Co.,* 139 Ga. App. 833 (229 SE2d 775). In the absence of any evidence whatsoever as to the nature of the services performed by appellee's attorney, or the reasonable value therefor, the award of attorney fees was improper.

3. For the reasons stated above, the trial court did not err in entering judgment on the verdict except insofar as the verdict included attorney fees; viz: $3,000. Accordingly, the judgment of the trial court is affirmed on condition that the plaintiff consent to write off the sum of $3,000 for attorney fees; otherwise reversed.

*Judgment affirmed on condition. Deen, P. J., and Webb, J., concur.*

SUBMITTED NOVEMBER 2, 1977 — DECIDED JANUARY 11, 1978 — REHEARING DENIED JANUARY 26, 1978.

*Camp, Haddon, King & Jackson, William C. Haddon,* for appellant.

*J. Ralph McClelland, Jr., J. Ralph McClelland, III,* for appellee.