### 56717. DAVIS v. GLENVILLE HALDI, P. C.

SMITH, Judge.

Appellee Haldi sued for payment of attorney fees he had allegedly earned while representing appellant. From the verdict for appellee, appellant appeals contending the

trial court erred in failing to grant his motion for directed verdict, in refusing to sustain his motion for mistrial, and in its treatment of certain proffered evidence. We affirm with direction.

Appellee's complaint sought a $13,520.93 recovery for legal services and expenses, broken down as follows: "(a) Representation in the O'Callaghan Matter — $1,085.50; (b) Representation in the Rose and Stern Matter — $2,114.50; (c) Representation in the Sokol matter — $10,000.00; (d) Unpaid Court Reporter's Bill in the amount of — $320.93." Appellee initially handled the Sokol matter on a contingency basis, and, appellant having discharged him just prior to the time a settlement was reached, appellee sought damages in quantum meruit for the reasonable value of the services he rendered. Code § 3-107. Appellee testified that the Sokol case was worth $25,000 to him, based on his "estimate on what Mr. Davis got" and on his assumption that he was "entitled to a third of what" appellant ultimately received. No evidence was presented concerning the time appellee spent on the Sokol case or otherwise indicating with any precision the reasonable value of his alleged services as attorney.

In regard to the O'Callaghan and Rose and Stern matters, appellee likewise proceeded in quantum meruit. The jury returned a verdict for appellee in the amount of $13,520.93.

1. Appellant's motion for directed verdict asserted: (1) that, as to the Sokol matter, appellant was entitled to a verdict because no evidence had been adduced showing the reasonable value of appellee's services; (2) that, as to the O'Callaghan and Rose and Stern matters, appellee was representing Security Management Corporation and not appellant. As to the first prong of the motion, we agree with appellant. The only value evidence presented in regard to the Sokol case was appellee's opinion that the amount of the prospective contingency fee was $25,000. Appellee introduced no evidence indicating the amount of time spent on the case or the amount of work he performed. Appellee having failed to show with any degree of certainty "what a reasonable fee for the services would be," he was not entitled to recover in quantum

meruit. *Talley-Corbett Box Co. v. Royals,* 134 Ga. App. 769, 771 (216 SE2d 358) (1975); Code § 3-107; *Development Corp. of Ga. v. Berndt,* 131 Ga. App. 277 (205 SE2d 868) (1974). The verdict obviously included an award of $10,000 for the Sokol case, and that award must be written off.

The trial court properly denied the second prong of appellant's motion for directed verdict. The evidence did not show conclusively that appellee was not representing appellant in regard to those matters.

Appellant contends the trial court should have directed a verdict for him as to the O'Callaghan claim because of appellee's negligence in handling the case. We refuse to consider that rationale for the direction of a verdict because appellant made no such motion below which asserted that specific ground. Ga. L. 1966, pp. 609, 656, as amended (Code Ann. § 81A-156 (a)).

2. Appellant contends the trial court erroneously refused to grant a mistrial on the basis of allegedly inadmissible, prejudicial testimony given by appellee. We find no cause for reversal. Appellant failed to raise a pertinent objection to appellee's allegedly prejudicial testimony on direct examination. Furthermore, the remainder of the supposedly improper testimony was elicited on cross examination by appellant. See *Johnson v. State,* 146 Ga. App. 277 (3) (246 SE2d 363) (1978). Finally, the trial court did instruct the jury to disregard the testimony which appellant claims to have been particularly inflammatory.

3. Appellant asserts that the trial court erred in admitting certain papers filed in the O'Callaghan litigation. We find no error. The papers were admissible to show the complexity of the legal matter being handled by appellee and to rebut appellant's testimony that the O'Callaghan matter was simple and the appellee never understood the issues involved in the case. Also, each of the documents having been at least partially admissible and appellant having objected to the admission of the whole of each, the following principle applies: "Where a document offered in evidence is admissible in part and inadmissible in part, and objection is made to the document as a whole, it is not error to admit the whole

document." *Stubbs v. Daughtry,* 115 Ga. App. 22 (1) (153 SE2d 633) (1967). Finally, a particular exhibit proffered by appellant was irrelevant and properly excluded.

4. The enumerations of error unsupported by argument in appellant's initial brief are deemed abandoned.

5. We deny appellee's motion to award damages for a frivolous appeal.

6. The trial court's judgment is affirmed on the condition that $10,000 be subtracted from the $13,520.93 award.

*Judgment affirmed on condition. Deen, P. J., and Banke, J., concur.*

ARGUED OCTOBER 3, 1978 — DECIDED JANUARY 9, 1979 — REHEARING DENIED FEBRUARY 1, 1979.

*Cotton, Katz, White & Palmer, J. Timothy White, J. Michael Lamberth,* for appellant.

*Glenville Haldi, R. Joseph Costanzo,* for appellee.