## 64234. GREEN v. WEAVER et al.

McMurray, Presiding Judge.

This is the second appearance of this case in this court. See *Green v. Weaver*, 161 Ga. App. 295 (291 SE2d 247). However, the ruling of this court in that case has no bearing on this appeal.

On the return of the remittitur the trial court without further hearing with reference to the delay in filing the transcript as to whether the delay was unreasonable and then inexcusable forthwith directed the trial court clerk to instantly forward the entire record and transcript to this court. We proceed to consider the case based on the original notice of appeal.

John L. Green by written lease had originally leased for a term of months certain residential property to Martha Weaver and Selecia Jones. There were two contracts of lease for separate periods of time between the parties. The tenants were required to pay a monthly rental, but because of the alleged failure of the landlord lessor to fulfill his contractual and statutory duties as such after repeated and numerous and continual requests and demands therefor the tenants refused to pay the full amount of the monthly rent deducting therefrom certain amounts allegedly for repairs. Whereupon, the lessor brought a dispossessory warrant contending the tenants had failed to pay the rent as due seeking judgment for past due rent in the amount of $594.

The defendants answered, admitting possession as tenants but otherwise denied the lessor's claim or that plaintiff had demanded possession of the premises. They contended that they did tender all rents due and payable and plaintiff refused same. The defendants further contended the plaintiff had wholly and totally failed to make necessary repairs within a reasonable period of time after repeated notices of the need of same, hence plaintiff had breached the lease in failing to honor his statutory and contractual duty to repair; and the rental value of the premises had been substantially diminished. By counterclaim the defendants sought judgment including reasonable attorney fees.

A hearing was held in which the lessor sought to require the payment of rent into the court; and a consent order was entered whereby the defendants agreed to pay certain rent into the registry of the court and thereafter to continue the rental payments monthly so long as they remained in possession, the sums to remain in said registry until final disposition of the action, but in the event the defendants failed to perform any of the required payments, a writ of possession for said premises would issue instanter. Thereafter, the defendants vacated the premises.

The defendants then amended the counterclaim contending their $100 security deposit had not been returned to them within one month after they surrendered the premises, same having been accepted by the plaintiff, and they sought $300 statutory damages, together with reasonable attorney fees (Code Ann. § 61-606; Ga. L. 1976, pp. 1372, 1382).

Plaintiff then amended his complaint seeking additional amounts as due under the lease by reason of the additional lease payments, late charges and attorney fees.

The case proceeded to jury trial on the issues involved (less the attorney fees except reasonable attorney fees, in the event the plaintiff wrongfully withheld the security deposit), the jury finding for the defendants in the amount of $1,100 less an amount of $720 payable to the plaintiff for three months rent at $240 per month with the net proceeds payable to defendants totaling $380. A judgment was entered in favor of the defendants in the amount of $380, and the plaintiff appeals. *Held:*

1. The first enumeration of error contends the trial court erred in admitting certain evidence over objection, the same being parol evidence of the landlord's failure to repair. Plaintiff contends this evidence was in contravention of the unambiguous written lease. The lease required the lessor only to furnish hot and cold water and no other utilities, and the lessees were responsible for all utilities including the repairs or services to such utilities. The contract of lease specifically stated lessor was not to be obligated to furnish any utilities or to care for "stopped-up plumbing, drains or disposals" caused by the introduction of foreign objects not intended for sewage disposal. However, the lease also stated that upon receipt of written notice from the lessees of any damages or defects rendering the premises unsafe or untenantable the lessor shall remedy such defective conditions, or if the damaged or defective premises is unfit for occupancy and if lessor decides not to repair the premises, that upon written notice from lessor to lessees the lease "shall terminate."

The defendants contend that the landlord had a statutory duty to repair under Code §§ 61-111 and 61-112, which could not be voided by contract under Code Ann. § 61-102 (b) (Ga. L. 1976, pp. 1372, 1373). The court allowed the defendants to submit evidence with reference to lack of weather stripping, lawn care, porch covers, air leaks around windows, breach of an agreement or oral promise with reference to vent covers, the gas meter and the installation of a shower over the existing bath facilities; the cleaning of the kitchen floor and carpet, the plaintiff making a continuing objection pursuant to the trial court's instructions with reference to all of this

oral testimony allegedly in contravention of the unambiguous lease agreement. The plaintiff further contends that all of these issues were in regards to improvements and not repairs, and the same should not have been allowed in evidence regarding the diminished rental value of the property, citing *Thomas v. Campbell,* 126 Ga. App. 675, 676 (3) (191 SE2d 619).

Plaintiff's enumeration of error, however, is that the trial court improperly allowed parol evidence of the landlord's failure to repair the premises and in no way involves the issue as to the amount of damages as found in *Thomas v. Campbell,* 126 Ga. App. 675, supra. Further, certain of the promises to repair were made by the plaintiff as an inducement to enter the rental contract. See *Carter v. Brannon,* 122 Ga. App. 812 (1) (178 SE2d 755). The evidence here with reference to landlord's failure to repair, as well as the failure to make certain repairs as agreed to as an inducement to enter the rental contract herein, was introduced not for the purpose of modifying the written contract but merely to establish the damages, that is, the diminished rental value of the premises by reason of the failure of the landlord to maintain the premises as required by statute. Under the circumstances this enumeration of error is not meritorious.

2. Plaintiff next contends that the trial court erred in allowing over objection opinion evidence of diminished rental value contending the testimony of one defendant was defective in establishing same, and this testimony should have been excluded. In the rules of this court adopted February 23, 1981, effective on September 1, 1981, Rule 15, with reference to the preparation of briefs as to structure and content, requires that the sequence of argument or arguments shall follow generally the order of the enumeration of errors and specific reference to the pages of the transcript as to the evidence shall be made. In this instance the pages of the brief are not numbered as required by our Rule 11 and the pages as assembled are not in proper order for us to follow the enumerations or argument in their proper order. In addition, the reference here is to plaintiff's testimony and not that of the defendant, although there are two separate volumes of the evidence at trial, each numbered separately and not in sequence. We realize from examination of the transcript that there are two volumes each numbered separately, and plaintiff is apparently here referring to Volume 2 rather than Volume 1. We have read this testimony of the witness who qualified to give her opinion from her knowledge of renting and living in five or six apartments as to the reduced value of the subject premises. Plaintiff here also refers to another witness as having testified, but the pages of the transcript where this witness

testified is not therein referred to by citation of same. Accordingly, we decline to consider this enumeration of error further nor search the brief for the proper sequence of argument or search the transcript in an endeavor to find error that plaintiff claims was made in allowing certain testimony. See *Crider v. State,* 115 Ga. App. 347 (1) (154 SE2d 743). However, the evidence examined appears to be sufficient to authorize its submission in evidence. This enumeration of error is not meritorious.

3. The third enumeration of error complains of the allowance in evidence over objection of certain testimony regarding moving expenses presumably for vacating the premises in the face of the issuance of a writ of possession. Again, in support of this enumeration, plaintiff cites certain pages of the transcript which has reference to different testimony and objections. We have examined these pages (Volume 1) and find none of them as having any reference whatsoever to the enumeration of error set forth. Again we refer to the fact the reporter or the clerk has prepared the trial transcript of the evidence and proceedings in two separate volumes, numbering the pages in each volume separately and not in proper order. That is, Volume 1 begins with page 1 and extends through page 137, while Volume 2 begins with page 1 and extends through page 232 for a total of 369 pages which should be reflected as pages 1 through 369. In reading Volume 2 we believe we have found the testimony to which plaintiff refers. The witness therein testified fully as to the expense of transferring the telephone to her new address, the moving expense involved and her time loss from work resulting in a loss of income in so doing. We decline to consider this objection further as plaintiff has failed to properly cite the parts of the transcript of the proceedings essential to the consideration of the error complained of as required by Rule 15. See Division 1, supra, and Division 4, infra. Accordingly, we find no merit in this complaint as the evidence we have examined appears sufficient to prove the value of the appropriate items flowing from the alleged breach of contract, and the objection to this testimony was not meritorious.

4. The fourth enumeration of error is that the trial court erred in allowing testimony regarding the claims of the defendants against the plaintiff for failure to refund the security deposit. Again the proper order of the brief does not follow the sequence of the enumerations of error. Plaintiff therein contends defendants remained in possession until a certain date, and therefore, the security deposit was withheld to offset that rent amount. Plaintiff again fails to cite in the brief pages of the transcript where this testimony was allowed over his objection. Of course, in perusing the entire trial transcript of the evidence and proceedings we find an

exhibit in Volume 2, a letter from the landlord to the tenant in regard to the security deposit, whereas in Volume 1, we find testimony in regard to the security deposit. This appears to be plaintiff's testimony in regard to the security deposit and not that of defendant's to which objection is here made. For the reasons stated above we decline to review this ground further. See also *Willis v. Jackson,* 148 Ga. App. 432, 435 (4) (251 SE2d 341). Plaintiff does cite *Kimber v. Towne Hills Dev. Co.,* 156 Ga. App. 401, 402-403 (274 SE2d 620), but reliance upon that case is misplaced as that case is not controlling on this issue in the case sub judice as the evidence did not demand a finding in favor of the plaintiff as to the rent due.

5. Plaintiff next contends the trial court erred in charging on security deposits under Code Ann. Chapter 61-6 (Ga. L. 1976, pp. 1372, 1383), contending there was no evidence upon which the jury could base such an award. The verdict of the jury was in a lump sum, and we have no way of determining the amount of the verdict with reference to security deposit, attorney fees, if any were in fact awarded, or any other damages with respect to this case. Further, after the completion of the presentation of the evidence and the charge by the trial court when plaintiff was given a suitable opportunity to object to the giving or failing to give of such instructions as required by Code Ann. § 70-207 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078) the only objection made by plaintiff was as to attorney fees, contending there was no evidence as to reasonableness of same and no evidence "upon which the jury could base the award." Generally, when there is no exception or objection any alleged errors will not be considered to be harmful as a matter of law unless it appears that "gross injustice is about to result or has resulted, directly attributable to the alleged errors." *Barlow v. Rushin,* 114 Ga. App. 304 (1) (151 SE2d 199). When exceptions to the charge are not made when an opportunity is given by the court and before the jury returns its verdict as required by Code Ann. § 70-207, supra, no question is raised for determination on appeal. *Stubbs v. Daughtry,* 115 Ga. App. 22, 25 (5) (153 SE2d 633); *Crider v. State,* 115 Ga. App. 347, 348 (2), supra; *Haskins v. Carson,* 115 Ga. App. 336 (2) (154 SE2d 626). Thus, there was no objection made as to the charge based on the security deposit. We do not find the alleged error has been shown to be blatantly apparent and prejudicial and that a gross miscarriage of justice could be attributable to it here. See *Hollywood Baptist Church v. State Hwy. Dept.,* 114 Ga. App. 98, 99 (3) (150 SE2d 271). We find no merit in this complaint.

6. The remaining enumeration of error contends that the trial court erred in charging that the jury could award attorney fees because there was no evidence to support the value of the service

performed and what a reasonable fee for such services would be. In support therefor plaintiff cites *Fry v. Lofton,* 45 Ga. 171 (3); *Talley-Corbett Box Co. v. Royals,* 134 Ga. App. 769, 770 (216 SE2d 358). However, among the items which can form the basis for determination is the amount of time spent or the amount of work performed in the preparation of a case. See *Davis v. Glenville Haldi, P. C.,* 148 Ga. App. 842 (253 SE2d 207); *Willis-Wade Co. v. Lowry,* 144 Ga. App. 606, 607 (241 SE2d 461). Plaintiff contends there was no evidence on which to base the award of attorney fees, that is, testimony as to the time spent or the normal compensation charged by an attorney. The court then recalled the jury and instructed that only in the event the jury determined the security deposit was wrongfully withheld then "in that case you would be authorized to find reasonable attorney fees." With reference to the alleged wrongful and willful withholding of the security deposit the jury would be authorized to award three times the amount of the deposit and reasonable attorney fees. See Code Ann. § 61-606, supra. Consequently, under the charge as given with reference to the security deposit the charge was correct even though there is no evidence as to reasonable attorney fees. No special verdict was requested nor was the jury instructed to separate the attorney fee award from any other finding, but simply to find either for the plaintiff or the defendants, although the court did instruct the jury relative to setting off damages of one against the other. When the verdict was returned the jury did not find an amount separately for attorney fees, and we cannot determine whether or not attorney fees were awarded by the jury. Under the circumstances we find no merit in this complaint.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED NOVEMBER 4, 1982.

*J. Robert Joiner,* for appellant.
*Ronald P. Jayson,* for appellees.