## BROWNE *v.* EDWARDS.

1. Although the statute declares that obligations to pay attorney's fees are void, it yet recognizes that such a promise may be enforced on conditions.
2. Where the notice has been given, the plaintiff has a cause of action for attorney's fees, which is enforceable if the debt is not paid on or before return day.
3. Where the defendant has been notified of the intention to sue, he may prevent a recovery of attorney's fees by paying the debt on or before return day.
4. Parties can not work a fraud on the court by purposely alleging a fictitious amount to be due, in order to give the court jurisdiction. But where there is nothing to suggest bad faith, or where there is room for doubt, and the jurisdiction of the court depends on the amount in controversy, the pleadings will control in deciding that question.
5. While the city court of Atlanta had no right to try a case within the jurisdiction of a justice's court, it had jurisdiction of a suit on a note for $100 principal and ten per cent attorney's fees, where the petition filed on return day alleged that the statutory notice (Acts 1900, p. 53, Van Epps' Code Supp. § 6185) had been given to the defendant.

Argued January 31,— Decided March 4, 1905.

Complaint. Before Judge Reid. City court of Atlanta. April 2, 1904.

*W. I. Heyward,* for plaintiff in error.

LAMAR, J. The suit was brought in the city court of Atlanta, on a note for $100 principal and 10 per cent attorney's fees. The defendant insists, that as by statute (Acts 1900, p. 53, Van Epps' Code Supp. § 6185) obligations to pay such fees are void, no complete cause of action therefor was set out on the day when the petition was filed. He therefore claims that as the suit was only for $100, it was within the jurisdiction of the justice's court, and therefore without the jurisdiction of the city court of Atlanta. Acts 1894, p. 209.

1–3. A promise to pay attorney's fees may not of itself be sufficient to entitle the plaintiff to a judgment therefor. But

without such promise it is evident that the fees could not be recovered in a suit on the note.     With the promise, they may be collected upon a compliance with the statutory conditions subsequent.     It may take both the obligation and the compliance with the conditions to create a perfect cause of action.     But so long as the statute allows it to be enforced on any terms, it is a misnomer to say that the obligation is void.     It is but another of the many instances in which the word " void " is to be construed as more nearly the equivalent of " voidable."     A petition, therefore, seeking to recover attorney's fees is not like a suit where the face of the pleadings discloses an attempt to recover a gambling debt or other obligation which is absolutely void or illegal.     The act shows that the incomplete obligation may be developed into a perfect cause of action.     It also indicates that it is not necessary to bring two suits, one for the principal debt, and a separate action for the recovery of attorney's fees.     Properly construed, the statute allows one suit to recover for everything which is due, or, as interest or attorney's fees, may become due under the terms of the note sued on.     Inasmuch, therefore, as the plaintiff must file his suit on or before return day, it follows that on or before that day he can declare for the recovery of the attorney's fees ; but in order to obtain a verdict or judgment his evidence must show that he has given the notice required by the statute.     On the other hand the defendant has the right to prevent their recovery by showing that on or before the return day he paid the principal with interest and that therefore the incomplete promise as to attorney's fees did not mature into a binding obligation.

4. The motion to dismiss was properly refused for another reason.     Parties can not work a fraud on the court by purposely alleging a fictitious amount to be due, in order to give jurisdiction.     But where there is nothing to suggest bad faith, or where there is room for doubt and the jurisdiction of the court depends on the amount in controversy, the pleadings will control in deciding that question, rather than the sum finally recovered.     The court did not err in. overruling the demurrer.

*Judgment affirmed.     All the Justices concur.*