### 10983. LANG *v.* HALL.

STEPHENS, J. 1. A bill of exceptions which does not complain of a judgment finally disposing of the case, or of a judgment which would have been final if rendered as contended for, will not operate to confer any jurisdiction upon this court. Where a trial judge has certified a bill of exceptions which complains of a ruling sustaining a demurrer to and striking a defendant's plea, which is not a final judgment, the case still remains within the jurisdiction of the trial court. Where the case thereafter proceeds to trial and a final judgment is rendered therein, a bill of exceptions duly tendered, bringing such final judgment to this court for review, will not be dismissed upon motion of the defendant in error, based upon the ground that the trial judge lost jurisdiction of the case by certifying to the first bill of exceptions.

2. Where the trial judge certifies a bill of exceptions which excepts to a judgment not final, and which would not have been final if rendered as contended for, it is not error for him thereafter and within the time allowed by law after the rendition of the judgment complained of to pass an order amending such certificate and ordering that such bill of exceptions operate and be filed as exceptions pendente lite. Where a proper assignment of error is made in this court upon such exceptions pendente lite, the same will be here considered.

3. It is no defense to a claim for attorney's fees in a suit upon a promissory note that, before the filing of the suit and before the giving to the defendant of the ten-days notice required by statute, the payee had already brought suit on the note against the defendant, and that such suit was pending at the time of service upon the defendant of the statutory notice required, but had been dismissed by the plaintiff prior to the filing of the second suit. *Bacon* v. *Hanesley*, 19 *Ga. App.* 69 (3) (90 S. E. 1033).

4. "In a sale of land there is no implied warranty of title." Civil Code (1910,) § 4193. In a suit upon a promissory note a plea which alleges that the note sued on was executed by the defendant in payment of the balance due the plaintiff on the purchase-money of certain land which the defendant had purchased from the plaintiff, and which further alleged that there was a defect in plaintiff's title to the land, which was afterwards discovered by the defendant, in that the plaintiff had acquired title to only four-fifths interest in the land and never acquired title to the whole estate, and where it nowhere appears that the plaintiff obligated himself to make title or expressly warranted the title to the land, such plea set forth no defense and was properly dismissed on demurrer.

5. This being a suit upon a promissory note, and it being undisputed that the defendant had received the statutory notice of the plaintiff's intention to bring suit and claim attorney's fees, it was not error for the court, after having properly dismissed defendant's plea, to direct a verdict for the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*

DECIDED APRIL 7, 1920.

Complaint; from Gordon superior court—Judge Tarver. August 26, 1919.

*Lang & Lang,* for plaintiff in error. *A. L. Henson,* contra.