### 11996. BOWEN *v.* HENDRICKS.

STEPHENS, J. 1. When the jurisdiction of the court depends upon the amount in controversy, jurisdiction in a particular case will be determined by the pleadings rather than by the actual amount estab-

lished by the proof, unless a fictitious amount is in bad faith alleged only for the purpose of determining the court's jurisdiction. *Browne v. Edwards*, 122 *Ga.* 277 (50 S. E. 110); *Stovall v. Kelley*, 8 *Ga. App.* 550 (70 S. E. 17).

2. Where suit is filed by a plaintiff upon an open account and the amount alleged to be due is within the jurisdiction of the court as to the amount in controversy, the jurisdiction is not ousted where the evidence authorizes a recovery only for an amount less than is necessary to confer jurisdiction upon the court; but in such a case the plaintiff may recover for any amount proved under his petition, although such amount is not within the court's jurisdiction, where it does not appear that the larger amount was claimed in bad faith and only for the purpose of conferring jurisdiction on the court.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED JUNE 17, 1921.

Complaint; from city court of Tifton — Judge Price. November 24, 1920.

Suit upon an open account for the sum of $104 was brought in the city court of Tifton, which court has no jurisdiction of a civil case in an amount under $100. The proof authorized a recovery for the plaintiff in a sum not exceeding $98; and the plaintiff in open court, without amending the petition, abandoned his claim for the full amount and contended only for the amount proved. A verdict having been rendered for the plaintiff in the sum of $98, the defendant made a motion to arrest the judgment, upon the ground that the verdict and judgment were for an amount not within the jurisdiction of the court. The motion was overruled, and exception was taken.

*Fulwood & Hargrett*, for plaintiff in error.

*Ridgdill & Mitchell*, contra.