29126. KINNEY v. CONNELL.

Decided December 2, 1941.

*C. B. McCullar,* for plaintiff. *A. S. Boone Jr.,* for defendant.

STEPHENS, P. J. W. S. Kinney instituted in Wilkinson superior court a "bail-trover" proceeding against James Connell to recover a horse. A verdict was rendered on October 6, 1937, for the plaintiff in which it was found that the plaintiff "pay $75 back to defendant." Judgment was entered on this verdict, in which the defendant was directed to turn the horse over to the plaintiff, and the plaintiff was directed to pay the defendant the above-stated sum. There was no compliance with this judgment. In January, 1939, the plaintiff filed in the same court an "application for contempt citation" against the defendant. A rule nisi was issued and the defendant was ordered to show cause why he should not be adjudged in contempt for failure to deliver the horse to the plaintiff. On a hearing on February 8, 1939, the court entered an order and judgment, pursuant to agreement by the parties, in which the horse sued for in the trover action was awarded to the plaintiff, and $35 was ordered to be paid by the plaintiff to the defendant, and in which the conflicting claims of the plaintiff and of the defendant as to the "board and keep" for the horse and as to hire or "rent" for such horse were directed by the court to be submitted to a jury.

This order which was made pursuant to the agreement between the parties was not excepted to. Thereafter, on April 2, 1940, a verdict and judgment were rendered for the defendant. The plaintiff filed a motion for new trial which was overruled. It appearing that the order and judgment of February 8, 1939, which was rendered in the contempt proceeding by consent, embodied the agreement of the parties, and it appearing that the verdict and judgment on which the motion for new trial was based were rendered pursuant to the order and judgment of February 8, 1939, there is no merit in the contention of the plaintiff that the court

had no authority to render the order and judgment of February 8, 1939, and to direct that the conflicting claims of the parties as to the "board and keep" and as to the hire or rent of the horse be submitted to a jury, and that "the bond given thereunder and the subsequent jury trial and court judgment under such court order complained of was totally void." The one assignment of error in the bill of exceptions is disposed of by the above ruling. Attention is called to the recital in the bill of exceptions in reference to the matter covered by the above ruling that "said alleged error is the only issue raised by this bill of exceptions."

■ Irrespective of any question as to the court's authority to submit the issue to a jury, and whether or not there is a proper exception or assignment of error on the overruling of the motion for new trial, it however appears from the record that the evidence supported the verdict, and no error appears as assigned in the motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*