40528.   WOODS et al. v. STATE OF GEORGIA et al.

D ECIDED F EBRUARY 27, 1964.

226

*Nelson & Nelson, Carl K. Nelson, Jr.,* for plaintiffs in error.
*Eugene Cook, Attorney General, William L. Harper, Olin O. Rambo, Assistant Attorneys General, G. Wesley Channell, Beverly B. Hayes, H. Dale Thompson, Nelson & Nelson,* contra.

BELL, Presiding Judge. We conclude that Mrs. Woods' posi-

tion is well taken. While *Code* § 28-405 provides that no creditor shall acquire any preference under proceedings commenced after the filing of a receivership petition, it must be observed that the receivership here was not against Kellam, the debtor of Mrs. Woods, and that Mrs. Woods was not a creditor of Hobbs, the insolvent debtor for whose estate a receiver was appointed. If Hobbs had been the maker of the note instead of Kellam, it can be seen that to allow Mrs. Woods to give the 10-days notice and increase her claim by adding 15 percent to the obligation as attorney's fees might be allowing her to acquire a preference against his other creditors in violation of *Code* § 28-405.

But here, although required by the court to desist from exercising her power of sale from Kellam and to set up her claim by way of intervention in the proceedings, Mrs. Woods was not asserting any claim against Hobbs or his estate, nor did she become his creditor. As between Mrs. Woods and Kellam, there was nothing to prevent her from giving the 10-days notice to him so as to bind him for payment of attorney's fees.

Mrs. Woods' claim against Kellam is conceded by all to have been based on a separate contractual relationship not connected with the receivership proceedings. It is also acknowledged that her security deed was a valid conveyance pre-existing the receivership proceedings. The interest of Hobbs in the property was nothing more than the equity which Kellam had owned in it—which was only that sum over and above the amount sufficient to pay Mrs. Woods in full. The provision for payment of attorney's fees was in the note when Kellam executed it. That obligation and the right to enforce it were secured by the security deed. When Hobbs acquired the property, he took it subject to all rights held by Mrs. Woods under her security deed—including the right held against Kellam to enforce payment of attorney's fees as the note provided.

The receiver succeeded only to the rights of Hobbs in the real estate. Neither he nor the creditors of Hobbs could take any steps or do anything adversely affecting the rights of Mrs. Woods which arose from her contractual transaction with Kellam.

The case of *Strickland v. Williams*, 215 Ga. 175 (109 SE2d 761), is not in point. In *Strickland* the obligation for the pay-

ment of attorney's fees was in a note from Parramore, against whom the receivership was brought, and the payee in the note, Strickland, attempted to enforce it by giving of notice to Parramore and after the appointment of the receiver to the receiver himself. The maker of the note there was the insolvent debtor. Here the maker is a third party.

The right of Mrs. Woods to receive 15 percent of the principal and interest due as attorney's fees having been perfected at the expiration of 10 days from the service of the notice under *Code Ann.* § 20-506, she was entitled to have that amount paid in full, and the court erred in awarding the lesser sum of $300.

Judgment is reversed with direction to the trial court to enter judgment for Mrs. Evelina K. Woods for the full amount of the attorney's fees as provided in the note.

*Judgment reversed with direction. Jordan and Eberhardt, JJ., concur.*