### 44435. NEWBY v. ARMOUR AGRICULTURAL CHEMICAL COMPANY.

BELL, Presiding Judge. Plaintiff as payee brought this suit on a note against defendant as maker. Defendant admitted his signature but pleaded that he was discharged because of unauthorized completion of the instrument. See *Code Ann.* § 109A-3—407 (1b, 2a). The trial court sitting without a jury rendered judgment for plaintiff.

1. One ground of enumerated error is based on the failure of the court to rule on plaintiff's objections to the defensive pleadings. This ground has no merit, as a party cannot complain of error in his favor. *Reeves v. Lancaster,* 159 Ga. 540, 550 (126 SE 480); *Salter v. Salter,* 80 Ga. App. 263, 268 (55 SE2d 868).

2. Execution of the note having been admitted, plaintiff made out its case merely by producing the note at the trial; the burden was on defendant to establish his defense by a preponderance of the total evidence. *Code Ann.* §§ 109A-3—307 (2), 109A-3—115 (2); *Haygood v. Stevenson Co.,* 114 Ga. App. 335, 336 (151 SE2d 462). Defendant testified that the instrument was incomplete when executed and was later completed otherwise than as authorized. However, plaintiff's credit manager testified that he was present and that the note

was fully completed at the time it was executed and had not been changed or added to since it was signed. As the testimony was in conflict, the evidence authorized the court's finding for plaintiff on the issue presented in defense.

3. The complaint showed that after maturity of the note (November 1, 1965) plaintiff's attorney wrote defendant a letter (March 29, 1966) giving him the ten days' notice to bind him for the payment of attorney's fees as provided by *Code* § 20-506 as amended. Defendant's answer admitted receipt of this notice in the normal course of mail. Thus it was not necessary that plaintiff introduce evidence on the trial to prove that the alleged notice was in fact given. *Moore v. Trailmobile*, 94 Ga. App. 892, 893 (96 SE2d 529); *Young v. John Deere Plow Co.*, 102 Ga. App. 132, 136 (115 SE2d 770).

4. It was not error to enter judgment for plaintiff without expressly making a special finding of fact that the requisite notice had been given to bind defendant for attorney's fees. In the absence of statute requiring special findings, a general judgment in a case tried without a jury is deemed to include implicitly a special finding on all issues necessary to sustain it. *Schley v. Schofield & Sons*, 61 Ga. 528, 531. Moreover, as to a fact admitted in the defensive pleadings, no finding was necessary. *Berry v. Brunson*, 166 Ga. 523, 534 (143 SE 761).

*Judgment affirmed. Eberhardt and Deen, JJ., concur.*

SUBMITTED MAY 6, 1969—DECIDED MAY 9, 1969.

*Davis & Friedin, Roy B. Friedin*, for appellant.
*Mixon & Forrester, George M. Mixon*, for appellee.