## 44309. SKINNER v. SMITH.

JORDAN, Presiding Judge. Skinner and Smith, in order to settle pending litigation, entered into an agreement on July 25, 1968, providing in pertinent part that the house at 2931 Lake Drive, S. E., Atlanta, Fulton County, Ga., "shall be appraised by a real estate appraiser agreed upon by and between their respective attorneys of record" who "shall examine and appraise said house exclusive of the underlying land and report in writing" to the parties or their attorneys "his . . . opinion of the present fair market value of the house." The agreement further provided that if the appraisal exceeded $24,735.36, and Skinner furnished proof that no other person had a claim against the property for work done or materials furnished, Smith would pay Skinner the difference between $24,735.36 and the appraisal, in "full and final settlement and discharge of any and all rights which the said Skinner may have against G. Al Smith, Mrs. Katherine Anderson and C. W. Anderson" or the property "on account of any matter alleged in said suit No. B-9297 [in Fulton Superior Court] . . . and the said Skinner shall thereupon dismiss with prejudice the said suit No. B-9297." Continuing, the agreement provided that if the appraised value was "less than $24,735.36, then W. C. Skinner shall within 30 days from the date of said report pay to G. Al Smith" the difference between the appraised value and $24,735.36 "and shall within said thirty-day period dismiss with prejudice said suit No. B-9297." The selected appraiser in his report, dated August 30, 1968, described the property which he "closely inspected and appraised" as a "brick veneer dwelling" with "2,850 square feet of finished floor area" and "1,820 square feet" of basement area, and he valued the property, exclusive of land, at $20,000.

Skinner objected to the report and sought to raise questions to the effect, among others, that "the house was largely 'brick', rather than 'brick veneer'" and that the stated area of the house was in error, and filed a motion to allow him to question the appraiser in this respect. Smith filed a motion to require Skinner to dismiss the litigation with prejudice, or in the alternative, that the court dismiss with prejudice. The final order of the court, denying Skinner's motion and sustaining Smith's motion, states that in the opinion of the court

the parties are bound by the agreement. In this order the court dismissed the action with prejudice after Skinner, the plaintiff, declined to do so. Skinner appeals from the order. *Held:*

A compromise of a dispute is binding on the parties. *Code* § 20-1205. The law favors compromises, and a promise made in extinguishment of a doubtful claim is sufficient to support a valid contract. *First Nat. Bank &c. Co. v. Roberts,* 187 Ga. 472 (1) (1 SE2d 12). Where parties to litigation have entered into a definite, certain, and unambiguous settlement agreement, which is not denied, the trial court should make the agreement the judgment of the court, thereby terminating the litigation. *Kapiloff v. Askin Stores, Inc.,* 202 Ga. 292 (42 SE2d 724). An agreement to dismiss a case upon the happening of a certain contingency is enforceable. *Stone Mountain Confederate Monumental Assn. v. Smith,* 170 Ga. 515 (153 SE 209). "Parties disagreeing as to their rights or liabilities may submit the matter to third persons to decide, and the award made by such arbitrators is binding on the persons submitting." *Code* § 7-101. Any and all matters in controversy in suit or otherwise may be submitted to any number of arbitrators, and the proceedings shall be governed by the Code and common law. *Code* § 7-102. An award may be set aside for any unfair advantage given to either party in the hearing of the case or the rendering of the award, for fraud in the arbitrators or in either party in obtaining the award, for a palpable mistake of law, or for a reference of any matter to chance or lot. *Code* § 7-111. Where the parties to a contract agree that the decision of a third person on a matter connected with the execution of a contract shall be final and conclusive, his decision is binding on the parties, as to those matters he is authorized to determine, except in the case of fraud, gross mistake as would necessarily imply bad faith, or a failure to exercise an honest judgment. *State Hwy. Dept. v. MacDougald Constr. Co.,* 189 Ga. 490, 494 (6 SE2d 570).

It is clear from the written agreement here involved, the express terms of which are undisputed, that the parties agreed to rely on the fair market value of the property as determined by a selected real estate appraiser as a basis to settle the litigation, finally and conclusively, without reserving unto themselves any right to a hearing, or any right to question any facts

which the appraiser relied upon in determining the fair market value. That the contract specifically referred to the person as an appraiser and not as an arbitrator is immaterial, for by whatever name, he was serving as a selected arbitrator to make a determination of fact to bring an end to the litigation. His duties, as stated in the contract, were "to examine and appraise said house" and the letter submitting the matter to him instructed him to render his "opinion of the present market value of said house exclusive of the land." The contract neither required him nor was he asked to describe the property or to show any basis for arriving at his decision. His reference to the dwelling as of brick veneer construction, or his statement of size, does not open his decision to question for the reasons stated in *Code* § 7-111 or for the reasons stated in *State Hwy. Dept. v. MacDougald Constr. Co.*, supra.

Under the law applicable to the facts and circumstances here shown, the trial court properly disposed of the litigation by the terms of his final order, and no error appears for any reason argued and insisted upon.

*Judgment affirmed. Hall and Whitman, JJ., concur.*

ARGUED MARCH 5, 1969—DECIDED JUNE 16, 1969— REHEARING DENIED JULY 3, 1969—

*Louis D. Yancey, Jr., Orville G. Harrington, Marvin O'Neal,* for appellant.

*Paul H. Anderson, Clarence H. Calhoun, Jr.,* for appellee.