## 29251. HARALSON COUNTY ECONOMIC DEVELOPMENT CORPORATION et al. v. HAMMOCK et al.

UNDERCOFLER, Justice.

Andrew Hammock and others, individually and as the duly constituted Board of Trustees of Crofford Chapel Methodist Church filed a claim against the Haralson County Economic Development Corporation and Elroy Embry et al., individually and in their capacities as directors. The claim alleged that Embry was pastor of Crofford Chapel Methodist Church and that the other four defendants were all residents of Haralson County; that Embry on May 3, 1971, fraudulently secured the execution of a warranty deed to certain church property

from two of the trustees by telling them that all seven of the trustees had agreed to transfer the property to said corporation and that the corporation was owned by the church; that all of the statements were false; that Embry has never issued stock certificates to anyone, and that he is the sole incorporator and owner of the corporation; that the five remaining members of the board of trustees have never been contacted and have never signed the deed; and prayed that the deed is a cloud on the title of the church and should be canceled. The complaint was filed on August 2, 1972. Defensive pleadings were filed. The first law firm representing the defendants withdrew as counsel on June 25, 1973. On June 27, 1973, P. L. Wayman and his associate became counsel for the defendants. Counsel for the defendants received actual notice of the October 29, 1973 pre-trial conference and the subsequent notice from plaintiffs' counsel requesting trial during the November Term, 1973. P. L. Wayman, counsel for the defendants was convicted of mail fraud in October 1973, and on November 2, 1973, was sentenced to serve five years imprisonment.

On Thursday, November 15, 1973, the case was called for trial. Counsel for the complainants stated to the court that counsel for the defendant had not appeared at the pre-trial hearing or any day of the court on the call of the calendar and moved that the defensive pleadings be stricken. After the court ascertained that the defendants' counsel had been duly notified, the defensive pleadings were stricken. A jury was empaneled and the complainants introduced evidence supporting the allegations of the petition. The complainants also introduced the 1968 Discipline of the United Methodist Church which provides in § 1541, page 479, that before any real property owned by an unincorporated local church may be sold or transferred the following procedure and conditions must be met: 1. Notice of the proposed action and the date and time of the regular or special meeting of the Charge Conference at which it is to be considered shall be given at least ten days prior thereto from the pulpit of the church or in its weekly bulletin. 2. A resolution authorizing the proposed action shall be passed by a majority vote of the Charge Conference members

present and voting and by a majority vote of the members of said church present and voting at a special meeting called to consider such action. 3. The written consent of the pastor and district superintendent shall be affixed to the instrument. 4. The resolution authorizing such proposed action shall direct that any deed be executed by and on behalf of the local church by any two officers of the board of trustees.

Evidence was introduced to show that no Charge Conference had been called to consider the selling of the property as required by § 1541 of the church discipline and that no consideration was paid for the property.

A verdict was found in favor of the complainants.

The defendants filed a timely motion for new trial and later amended it.

The amended motion for new trial was denied and the appeal is from that judgment. *Held:*

1. The appellants contend that the trial court erred in overruling their amended motion for new trial because they had a meritorious defense to the action, a meritorious explanation for the absence of their counsel at the trial, and were deprived of their constitutional right to a fair and impartial trial under the Georgia and United States Constitutions (Code Ann. § 2-103, Code § 1-806).

"In order for a defendant to obtain a new trial because of his absence or the absence of his counsel at the trial, it must be shown that the party was without fault, and that he had a good defense to the action. *Ferrill v. Marks,* 76 Ga. 21 (2); *Atkinson v. First Nat. Bank of Hawkinsville,* 138 Ga. 127 (2) (74 SE 1030); *Peavey v. Crawford,* 192 Ga. 371 (2) (15 SE2d 418). The fact that counsel for a party neglected either to appear for trial or to notify his client is not sufficient ground to authorize a new trial. *Anderson v. Fulton County Home Builders,* 147 Ga. 104 (2) (92 SE 934); *Caylor v. Wheat,* 210 Ga. 429 (2) (80 SE2d 688)." *Stanfield v. Brewton,* 228 Ga. 92, 97 (184 SE2d 352).

"'Where parties have a case in court, it is their duty to attend and look after their interests. They cannot remain away without sufficient cause and subsequently have set aside a judgment properly rendered against them, especially where, by the exercise of the least diligence, they could have ascertained the time when the case was

set for trial.' *Seifert v. Holt,* 82 Ga. 757 (3) (9 SE 843). They are bound to take notice of the time and place of trial and of when their presence is required." *Blanch v. King,* 202 Ga. 779, 782 (44 SE2d 779); *Caylor v. Wheat,* 210 Ga. 429 (2),supra.

There is nothing in the record to show diligence on the part of the five defendants in pursuing their legal remedy and they have not been denied their constitutional right to a fair and impartial trial.

The trial court did not abuse its discretion in denying a new trial on this ground. Code § 70-208.

2. The appellants contend that the trial court erred in charging the jury that the "*deed must be executed by the Trustees of the church* ... You should look to the Discipline specifically to see what those requirements are for the valid execution and delivery of a deed to property owned by the United Methodist Church."

The appellants can not complain of this charge since under Code Ann. § 70-207 (a) no party in a civil case may complain of the giving or the failure to give an instruction to the jury, unless he objects thereto before the jury verdict is returned. No objection to the charge was made in this case and it was not harmful as a matter of law. Code Ann. § 70-207 (c) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078).

3. The appellants contend that the trial court abused its discretion by overruling their amended motion for new trial and to set aside the judgment on the ground that the verdict was founded upon perjury, fraud, accident or mistake. They contend that the testimony of Ross Norman is false because he testified that he was a member of the board of trustees and did not sign the deed as a trustee when in fact he was not a member of the board of trustees; that his statement that he had not paid any money into the corporation was false because the corporation's records show that he had paid $23; and that his statement that he had not been informed of the purpose and results of the transfer of the property was false because he was president of the administrative board of the church when the matter was discussed.

There is no merit in this contention. There was sufficient evidence to support the verdict even without

this testimony and the trial court did not abuse its discretion in overruling the motion.

4. The appellants contend that the trial court erred in soliciting illegal evidence from a witness and violated their right to a fair and impartial trial under the Georgia and Federal Constitutions (Code Ann. § 2-103; Code § 1-806).

The witness F. C. Moore testified that it was his understanding when he signed the deed conveying the property that the church was going to own the corporation; that he subsequently learned that Embry owned the corporation; that Embry never transferred the property to the church; that Embry never issued stock certificates to the church; and that he relied on his understanding when he executed the deed. He further testified on examination by the court that he was present when the defendant, James Buffington, executed the deed and that Buffington also relied on these facts.

The appellants contend that Moore's testimony that Buffington relied on these facts was hearsay and inadmissible testimony.

It is conceded by the appellants that objection must be made to the admission of illegal evidence during the course of the trial and that it is too late to complain of its admission at the first instance in the appellate court. *Daniel v. Etheredge,* 198 Ga. 191 (15) (31 SE2d 181). However, the appellants argue that since they were not present during the trial, an exception should be made to this rule. We do not agree. For the reasons given in Division 1 of this opinion, this contention is without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 15, 1974 — DECIDED NOVEMBER 18, 1974 — REHEARING DENIED DECEMBER 17, 1974.

*John R. Myer, Donald P. Edwards,* for appellants.
*Murphy, Witcher & Murphy, Thomas B. Murphy,* for appellees.