## 34082. ATLANTA NATIONAL REAL ESTATE TRUST v. TALLY.

HILL, Justice.
We granted certiorari to determine whether the Court of Appeals correctly ruled in this suit on a guaranty that even though the defendant guarantor showed no consideration sufficient to support a release from the agreement, he nevertheless did raise an issue, cognizable in Georgia, as to whether plaintiff was estopped without consideration from proceeding against him on the

guaranty.

The facts of this case were fully stated by the Court of Appeals in *Tally v. Atlanta Nat. Real Estate Trust,* 146 Ga. App. 585 (246 SE2d 700) (1978). Briefly, Tally personally signed a guaranty for a $165,000 loan from Atlanta National Real Estate Trust (ANRET) to his corporation, Tally Enterprises, Inc. The underlying note was secured by 14.5 acres of land located in Pascagoula, Mississippi. When the note went into default, ANRET foreclosed on the property, instituted suit in Mississippi against the corporation for a deficiency judgment, and took a consent deficiency judgment for $153,305. ANRET then brought this action on the guaranty against Tally in the State Court of Fulton County. Tally filed an affidavit in which he stated that Mr. Roan, an officer of ANRET, had stated to him that ANRET "would look solely to the real property securing such note, and would take no action against affiant personally on the guaranty." Tally further stated that "Furthermore, in the subsequent action taken by ANRET against Tally Enterprises, Inc., in the Chancery Court of Harrison County, Mississippi, affiant did not intervene in said action, or otherwise appear in any capacity to assert any defenses to the note sued on or any defenses with regard to the value paid for the property foreclosed upon. This forbearance on the part of affiant was in reliance on the representation by Mr. Roan that ANRET would not pursue affiant personally as a result of affiant's position as guarantor on the note sued on."

This allegation by Tally created an issue of material fact sufficient to avoid summary judgment. Forbearance by Tally from asserting his defenses in the Mississippi litigation would be, if bargained for by ANRET, consideration sufficient to support a release. Code Ann. § 20-302. At the very least, Tally suffered an injury in that, as the Court of Appeals noted in its opinion (146 Ga. App. at 587), the Mississippi judgment ". . . established prima facie the amount of the deficiency for which defendant is liable under the guaranty. See *Escambia Chemical Corp. v. Rocker,* 124 Ga. App. 434 (2) [184 SE2d 31 (1971)]." ANRET did not negative all issues as to the existence of such a release. We therefore find that if Tally's

forbearance was bargained for by ANRET, then there was consideration and hence there was a release.

ANRET relies on *First Nat. Bank &c. Co. v. Thompson,* 240 Ga. 494 (241 SE2d 253) (1978). ANRET is not a bank. Moreover, in *Thompson* the debtor alleged that he had been fraudulently induced to sign the note by assurances of a bank officer that he would not be liable on the note. The evidence Thompson sought to rely upon to bar summary judgment contradicted the writing and was inadmissible due to the parol evidence rule. Code § 38-501; *Reuben v. First Nat. Bank,* 146 Ga. App. 864, 866 (247 SE2d 504) (1978). See also *Cooper v. Mercantile Nat. Bank,* 137 Ga. App. 605, 609 (224 SE2d 442) (1976). Here Tally is not seeking to show that the original oral agreement was in fact contrary to the terms of the written guaranty but to show a later oral contract.

Tally argues that promissory estoppel (see Restatement, Contracts § 90) was adopted in Georgia in *Pethel v. Waters,* 220 Ga. 543 (4) (140 SE2d 252) (1965); Wilson, Contracts, 17 Mercer L. Rev. 52 (1965). ANRET argues that that doctrine does not exist here. *Fields v. Continental Ins. Co.,* 170 Ga. 28 (2b) (152 SE 60) (1929). See Restatement, Contracts, § 90. Whether or not that doctrine exists in Georgia, it is not applicable in this case because Tally's alleged reliance was not justifiable. Tally's affidavits state that the oral promise on which he relies was made on February 3, 1975. He admitted in his answer that ANRET made demand upon him for sums due under the terms of the note and guaranty; the demand referred to was by letter dated February 10, 1975, after the alleged oral promise, and that letter demanded payment from Tally of principal and interest, claimed the right to add attorney fees if payment was not timely made, and gave notice that the power of sale would be exercised. In the face of this formal written demand, Tally could hardly be justified, absent a release, in relying on an earlier oral promise made by an agent of ANRET that Tally would not be held liable on the guaranty. Hence the defense of promissory estoppel is not available to Tally in this case.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 8, 1979 — DECIDED FEBRUARY 15, 1979 —
REHEARINGS DENIED FEBRUARY 27 AND MARCH 6, 1979.

*Cofer, Beauchamp & Hawes, James H. Rollins,* for appellant.

*J. D. Humphries, III, John P. McNaughton,* for appellee.