### 62836. MERRITT v. FIRST STATE BANK OF RANDOLPH COUNTY.
### 62837. MERRITT et al. v. FIRST STATE BANK OF RANDOLPH COUNTY.

CARLEY, Judge.

Appellant George Merritt, both individually and as guarantor for the debt of his daughter Sandra M. D. Murray, executed certain installment notes in favor of appellee bank. Appellants failed to pay the installments when due. On July 15, 1980 counsel for the bank wrote a letter to both appellants reciting that because of their failure to pay the installments when due, the maturity of the unpaid balances had been accelerated and were declared to be due forthwith.

The letter first informed them that unless payment in full of the respective balances was made before the expiration of ten days from their receipt of the letter, the obligation in the notes to pay attorney fees would be enforced. No payment was made and the bank filed these actions on November 7, 1980. Since the facts are similar and the issues raised are the same, we have consolidated these cases for consideration on appeal.

Paragraph 5 of the bank's original complaints recited that appellants "were served with written notice that the provisions of the [subject] notes relative to payment of attorney fees to the extent of fifteen (15%) percent of the amounts due, in addition to the principal and interest, would be enforced, all as provided by [Code Ann. §] 20-506. A copy of the said notice that was mailed to the [appellants] is attached as [an exhibit]. Service of this complaint upon [appellants] shall constitute further written notice [to appellants] that the provisions of the said notes relative to the payment of attorney fees in addition to the principal and interest shall be enforced and that the *[appellants] shall have ten (10) days from the service of this complaint to pay the principal and interest without attorney fees,* all as provided by [Code Ann. §] 20-506." (Emphasis supplied.) Additionally, the demand for judgment in each complaint included attorney fees "in the event payment is not made within ten (10) days of service of this complaint . . ." Within ten days of service of the complaints, appellants tendered to the bank the total amount of principal and interest due on the notes. The bank refused this tender and the monies were paid into the registry of the court. *After* this tender had been rejected, the bank amended its complaint, striking all of that portion of Paragraph 5 after the reference to the 10-day notice letter attached as an exhibit. The bank also amended its demands for judgment to include "attorney fees as provided in said notes and as alleged in Paragraph 5 above . . ." Appellants then timely filed an answer which denied further liability to the bank. In their answer, appellants admitted receipt of the July 15th letters, described the tender and its rejection, and alleged the subsequent payment into the registry of the court of the tendered sums. The trial court granted the bank's *motion for judgment on the pleadings.* These appeals raise the issue of the propriety of the trial court's award of attorney's fees.

"The purpose of the provision of the law relating to the giving of ten days' notice to the debtor of the creditor's intention to enforce the provision for [attorney] fees in a contract is to allow the debtor to pay the principal and interest on the contract within ten days from receipt of the notice and relieve himself of the liability to pay [attorney] fees." *Dixie Const. Co. v. Griffin,* 104 Ga. App. 457 (1) (121

SE2d 926) (1961); Code Ann. § 20-506 (c). See also *Considine Co. v. Turner Communications Corp.,* 155 Ga. App. 911 (5) (273 SE2d 652) (1980). Such notice is a condition precedent to recovery of attorney fees (see *Strickland v. Williams,* 215 Ga. 175 (109 SE2d 761) (1959)) and may be given any time between maturity of the obligation and ten days prior to judgment; such notice may be included in the complaint. *New House Products v. Commercial Plastics &c. Corp.,* 141 Ga. App. 199 (3) (233 SE2d 45) (1977). In this case, appellants admitted in their answers that they had received the July 15th notice pursuant to Code Ann. § 20-506 by letter from the bank's counsel, more than ten days before these cases were filed on November 7, 1980. *Newby v. Armour Agricultural Chem. Co.,* 119 Ga. App. 650 (3) (168 SE2d 652) (1969). It is clear that in the absence of the peculiar circumstances which later developed in this case, the appellants' failure to pay the principal and interest due on subject notes within ten days of the date of the receipt of the July 15th letters would have allowed the bank to have recovered attorney's fees *if,* in subsequent litigation, it had recovered the principal and interest. *Woods v. State of Ga.,* 109 Ga. App. 225 (136 SE2d 18) (1964). Therefore, had the complaint as originally filed contained only the allegations and demand set forth in the amendment and had the bank been otherwise entitled to the full principal and interest claimed, there would be no question as to the appellants' liability for attorney's fees.

However the sufficiency of the first notice of attorney's fees is not dispositive of the issue in this case. This is true because, in filing its complaints, the bank — in addition to alleging the previous notice pursuant to Code Ann. § 20-506 — unequivocally stated that the appellants "shall have ten (10) days from the service of this complaint to pay the principal and interest without attorney's fees." In response to this "offer," the appellants tendered the full sum of principal and interest specified within ten days from the date of the service of the complaint upon them and there is no dispute as to the timeliness or correctness of the tender: "[A]n offer may contemplate acceptance by the doing of an act; and if the act be performed while the offer is in life, a binding contract is created, and the person making the offer must abide by its terms. *Sheffield v. Whitfield,* 6 Ga. App. 762 (2) (65 SE 807). 'If the promisee, acting on the faith of the promise, within a reasonable time, does the thing which it was contemplated he should do, then the promisor is bound on the ground that the thing done is a sufficient and completed consideration.' *Morrow v. Southern Express Co.,* 101 Ga. 810, 812 (28 SE 998). Measured by these rules, the contract set out in the declaration was not unilateral, or wanting in mutuality. It is shown in paragraph 6 that the defendants, by their agent, made the plaintiff an offer which was to be accepted by the

plaintiff's making 'the needful arrangements' and that the plaintiff thereafter did accept the offer by doing the things specified." *Anderson, Clayton & Co. v. Mangham,* 32 Ga. App. 152, 156-157 (123 SE 159) (1924). "Though a promise may be nudem pactum when made, because the promisee is not bound, it becomes binding when he subsequently furnishes the consideration contemplated, by doing what he was expected to do." *Brown v. Bowman,* 119 Ga. 153 (1) (46 SE 410).

In the instant case, it was contemplated that the "offer" contained in the original paragraph 5 of the complaint would be "accepted" — if at all — by the appellants' payment of the money specified within the time delineated. The appellants tendered the designated sum within the time set forth and this tender was rejected. The tender was made *prior* to any attempted "withdrawal" of the "offer" by the amendment deleting the above specified language from the complaint. Accordingly, the bank was obligated to accept the performance by the appellants of the act (payment) contemplated by the offer made to the appellants.

Appellee's argument that the "offer" contained in the original complaint as filed was without consideration is not meritorious. As above pointed out, the failure of the appellant to pay within ten days after receipt of the original Code Ann. § 20-506 notice merely entitled the bank to attorney's fees if and when it ultimately recovered on the notes. When the defendants were served with the complaint they could have filed defensive pleadings contesting the right of the bank to recover anything. However, as the offer in the original complaint contemplated, the appellants' acceptance of the offer by making payment within ten days of all sums due as principal and interest would terminate the entire litigation and relieve the bank of the expense and delay inherent in contested litigation. See *Mortgage Purchase &c. Co. v. Williamson,* 55 Ga. App. 92 (189 SE 293) (1936).

Under the circumstances of this case, the proper and timely tender by the appellants and the payment into the registry of the court subsequent to the tender's rejection constituted settlement of the lawsuit. *Kapiloff v. Askin Stores, Inc.,* 202 Ga. 292 (42 SE2d 724) (1942); *Skinner v. Smith,* 120 Ga. App. 35 (169 SE2d 365) (1969). The trial court erred in awarding attorney's fees.

*Judgment reversed. Quillian, C. J., Deen, P. J., Shulman, P. J., Banke and Birdsong, JJ., concur. Sognier and Pope, JJ., dissent. McMurray, P. J., not participating.*

DECIDED MARCH 19, 1982 —
REHEARING DENIED APRIL 1, 1982 —

*William J. Murray,* for appellants.
*Jesse G. Bowles III,* for appellee.

POPE, Judge, dissenting.

I respectfully dissent.

1. In this case appellants admitted in their answers (filed December 22, 1980) that they had received notice pursuant to Code Ann. § 20-506 by letter from the bank's counsel, apparently on July 23, 1980, well before the time these cases were filed on November 7, 1980. *Newby v. Armour Agricultural Chem. Co.,* 119 Ga. App. 650 (3) (168 SE2d 652) (1969). Because appellants did not pay the amounts due on the subject notes within ten days of their having received the July 15 letters, the bank's right in the event of a favorable judgment to recover 15% of the principal and interest due thereon as attorney fees was perfected at the expiration of the 10-day compliance period, on or about August 2, 1980. *Woods v. State of Ga.,* 109 Ga. App. 225 (136 SE2d 18) (1964); see *Browne v. Edwards,* 122 Ga. 277 (50 SE 110) (1904).

Under the circumstances in this case the language in Paragraph 5 of the bank's original complaint amounted to nothing more than gratuitous surplusage. The bank's right to recover attorney fees as provided in the subject notes was perfected long before the instant cases were filed. Counsel for the bank apparently recognized this fact and amended the complaints accordingly. These amendments related back to the date the complaints were originally filed. Code Ann. § 81A-115 (c). Cf. *Lang v. Hall,* 25 Ga. App. 118 (3) (102 SE 877) (1920). While the bank could have probably elected not to pursue its right to attorney fees (see Code Ann. § 102-106), there is no evidence in the record that such a waiver was contemplated. In any event, assuming arguendo that such a waiver agreement could have been construed from the language of the bank's original complaint, it was a naked promise, one without consideration. At the time these actions were filed, appellants were already obligated to pay attorney fees under the terms of the notes and by statute. Therefore, appellants' reliance on the 10-day notice in the bank's original complaint was not justifiable, and the bank was not estopped from amending its complaint to demand such payment. Accord, *Ross & Williams v. Southern Exchange Bank,* 38 Ga. App. 532 (1) (144 SE 338) (1928); Code Ann. §§ 38-114, 38-116. See *Atlanta Nat. &c. Trust v. Tally,* 243 Ga. 247 (253 SE2d 692) (1979).

2. The hearing on the bank's motion for judgment on the pleadings was originally set for April 6, 1981. However, due to illness of the trial judge, that hearing was cancelled. The record discloses no other notice setting a time for this matter to be heard. Nevertheless,

on May 2, 1981 the trial court granted the bank's motion. Appellants filed motions in arrest of judgment[1] and for new trial, contending that they were denied due process because they had received no notice of the hearing on the bank's motion. Appellants' motions were denied.

"The mere fact that counsel and his clients had no knowledge that the [motion had been set for hearing] is not in itself sufficient to support the grant of a new trial. The application [for new trial], although addressed to the sound legal discretion of the trial judge (Code [Ann.] § 70-208), must be supported by a showing of some meritorious explanation of the absence, *as well as a meritorious defense.*" (Emphasis supplied.) *Southern Ariz. School for Boys v. Morris,* 123 Ga. App. 67, 68 (179 SE2d 548) (1970); *Haralson County Econ. Dev. Corp. v. Hammock,* 233 Ga. 381 (1) (211 SE2d 278) (1974). Since appellants have failed to show any meritorious defense in this case, the trial court did not abuse his discretion in denying appellants' motion for new trial on this ground.

I would affirm the judgment of the trial court. I am authorized to state that Judge Sognier joins in this dissent.

---

[1] The statute providing for a motion in arrest of judgment, Code Ann. § 110-702, has been repealed by the Civil Practice Act. Code Ann. § 81A-201 (jj). Relief from judgments in civil cases is now governed by Code Ann. § 81A-160.