67882. BODDY ENTERPRISES, INC. v. CITY OF ATLANTA et al.

QUILLIAN, Presiding Judge.

This is an appeal from a judgment distributing an award of condemnation funds of some $211,900 plus interest between appellant Boddy Enterprises, Inc., the condemnee, and appellee National Bank of Georgia (NBG), the holder of a deed to secure debt upon the condemned property. The court ruled that NBG was entitled to receive the balance owed to it under the security deed, which was stipulated to be $99,372.16, and attorney fees in the amount of $9,986.30. The

appellant contests only the award of attorney fees as unauthorized by Georgia law.

NBG predicates its entitlement to attorney fees upon a provision of the security deed which recites in pertinent part that it conveys the described property as security for the debt, "together with any and all awards or payments, including interest thereon, and the right to receive the same, as a result of (a) the right of eminent domain . . . to the extent of all the amount which may be secured by this deed at the date of receipt of any such award or payment by Grantee and of the reasonable attorney's fees, costs and disbursements incurred by Grantee in connection with the collection of such award or payment." The deed further provides that upon the event of default where the debt is collected by or through an attorney, 10% of the aggregate amount due is allowed as attorney fees.

Under OCGA § 13-1-11 (a) (former Code Ann. § 20-506), "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectible as a part of such debt *if such note or other evidence of indebtedness is collected by or through an attorney after maturity*," as regulated by statutory notice and computation of fees requirements found in subsections (1), (2) and (3). (Emphasis supplied.) Section (b) makes "[o]bligations to pay attorney's fees contained in security deeds . . . subject to this Code section where applicable." While the attorney fees in the security deed here were calculable or set within the limits imposed by OCGA § 13-1-11 (a) (1) and (2) upon collection of the amount due in the event of default, no default was involved and thus no notice of intent to sue on the indebtedness was given pursuant to section (a) (3).

The ten-day notice requirement of OCGA § 13-1-11 (a) (3) was designed to apprise a debtor in default under the note or deed of the creditor's intention to bring suit for the full amount due as well as the attorney fees specified in the instrument, and, as analyzed by the Supreme Court, "is clearly intended to require the creditor to give the debtor an opportunity to meet his obligation without incurring additional expenses of litigation in the nature of attorney fees." See *Gen. Elec. Credit Corp. v. Brooks*, 242 Ga. 109, 114 (249 SE2d 596) and cases cited and discussed therein. See also *Carlos v. Murphy Warehouse Co.*, 166 Ga. App. 406 (2) (304 SE2d 439); *Merritt v. First State Bank*, 162 Ga. App. 15 (289 SE2d 547); *Considine Co. v. Turner Communications Corp.*, 155 Ga. App. 911 (5) (273 SE2d 652). Appellant contends that any recovery of attorney fees was barred because NBG failed to comply with the mandatory notice provision of OCGA § 13-1-11 (a) (3). NBG argues that notice is required only where the obligation has matured and is in default, and thus is not applicable here; but that the bank is nevertheless entitled to "reasonable" attor-

ney fees without notice calculated pursuant to OCGA § 13-1-11 (a) (2).

Our review of OCGA § 13-1-11 and the cases interpreting it convinces us that this statute was intended to apply only in default situations where "an indebtedness is collected by or through an attorney after maturity," and that the provision in the deed NBG sought to enforce for reasonable attorney fees incurred as the result of an eminent domain proceeding in order to protect its security interest in the condemned property was not contemplated by the statutory scheme. "Under a contract to pay attorney's fees if the note or other obligation 'be collected by or through an attorney,' only a contingent liability is created for the payment of attorney's fees, and no liability for the payment of such fees can or will arise until such time as the contingency which is a condition precedent to the collection of such fees has been fully complied with, and the collection made by the attorney at law. 'Where there is an agreement for the payment of a contingent fee, the happening of the contingency is a condition precedent to the right of the attorney to recovery for his services, and the precise event which was contemplated must happen.' [Cits.]" *Strickland v. Williams*, 215 Ga. 175, 178 (2) (109 SE2d 761); *Merritt v. First State Bank*, 162 Ga. App. 15, supra.

Of course the parties may always contractually agree to terms which are not illegal, immoral, or against public policy. OCGA §§ 13-8-1, 13-8-2. See *Kennedy v. Brand Banking Co.*, 245 Ga. 496 (2) (266 SE2d 154). Thus, the provision in the security deed for the absolute assignment to NBG of the entire amount secured upon receipt of an award by the appellant for the condemned property in the event of an eminent domain proceeding, and of reasonable attorney fees incurred by NBG in the collection of such an award, is not ipso facto invalid; indeed, the appellant does not contest the payment of the $99,372.16 due to NBG thereunder. Compare *Harwell v. Ga. Power Co.*, 250 Ga. 435 (298 SE2d 498). However, we conclude that the trial court improperly granted "reasonable" attorney fees of $9,986.30 based solely upon the computation formula set forth in OCGA § 13-1-11 (a) (2) since, as we have previously held, that statute applies only where there is a collection of an indebtedness by an attorney after it has matured upon default and the giving of the required notice.

NBG could have recovered reasonable attorney fees upon the theory of quantum meruit under OCGA § 9-2-7 (former Code Ann. § 3-107). See *Genins v. Geiger*, 144 Ga. App. 244 (2) (240 SE2d 745). "However, there was no evidence whatsoever introduced as to what reasonable attorney fees might be, nor even as to what services the attorney had performed. 'An attorney cannot recover for professional services without proof of their value.' [Cit.]" *Talley-Corbett Box Co. v. Royals*, 134 Ga. App. 769, 770 (2) (216 SE2d 358). Accord *Hub Mo-*

*tor Co. v. Zurawski,* 157 Ga. App. 850 (4) (278 SE2d 689); *Price v. Mitchell,* 154 Ga. App. 523 (6) (268 SE2d 743); *Davis v. Glenville Haldi,* 148 Ga. App. 842 (1) (253 SE2d 207). Accordingly, it was error to enter judgment on the amount of attorney fees sought, and that award must be stricken.

*Judgment affirmed in part and reversed in part. Birdsong and Carley, JJ., concur.*

DECIDED APRIL 2, 1984 —
REHEARING DENIED JULY 13, 1984.

*Lawrence J. McEvoy, Jr.,* for appellant.
*Emory A. Schwall, James A. Barnett, Fred Chaiken,* for appellees.