**FIRST DIVISION**
**PHIPPS, C. J.,**
**DOYLE, P. J, and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**May 1, 2015**

# In the Court of Appeals of Georgia

A15A0648. ANGLIN v. MOORE et al.        DO-031

DOYLE, Presiding Judge.

Conroy Anglin filed a dispossessory action against Sakinah Moore and Jeremy Ponds ("the tenants"), and the tenants answered and asserted counterclaims for wrongful eviction, conversion, breach of the lease agreement, and attorney fees. The superior court entered judgment in favor of the tenants, including an award of attorney fees. Anglin filed an application for a discretionary appeal, which this Court granted. On appeal, Anglin argues that the trial court erred by awarding attorney fees to the tenants because they failed to specially plead their attorney fees claim under OCGA § 13-6-11, and to provide notice of their claim pursuant to OCGA § 13-1-11. We disagree and affirm for the reasons that follow.

The record shows that the tenants entered into a one-year lease agreement with Anglin to rent his townhouse. As a part of the lease agreement, Anglin kept the water bill in his name, but the tenants paid the water bill.[1] At some point, the tenants requested additional time to pay the June 2013 rent. Thereafter, although the tenants were current on the water bill, Anglin had the water turned off to the apartment and closed the account. After about two weeks, the tenants began staying with friends but left their belongings in the townhouse. Anglin then changed the locks and went through the tenants' items.

Anglin filed a dispossessory action in magistrate court, and the tenants counterclaimed for wrongful eviction, conversion, failure to maintain and make repairs, and breach of contract, and asking for damages, including reasonable attorney fees. The magistrate court entered judgment in favor of the tenants, finding that Anglin's conduct amounted to trespass, conversion, and unlawful interference with the tenants' enjoyment of the property and that it resulted in a wrongful constructive eviction, which also breached the lease agreement. Anglin was ordered to pay the following amounts in damages: $500 to refund the tenants' security deposit;

---

[1] Anglin designated only certain portions of the record for inclusion in the appellate record. Accordingly, certain undisputed facts are taken from the superior court's final order.

$13,286.50 in damages for the conversion of or damage to the tenants' property; $1,559 for expenses due to the constructive eviction, $1,000 for trespass and interference with their right of enjoyment; $10,000 in punitive damages; and $4,000 in attorneys' fees. The magistrate court also ordered Anglin to permit the tenants to enter the townhouse and retrieve their items, which they did on or about July 18, 2013. Anglin then appealed to superior court.

After a bench trial, the superior court found in favor of the tenants on their counterclaims for wrongful constructive eviction, conversion, and breach of contract, and in favor of Anglin on the counterclaim for failure to maintain and make repairs. The superior court entered judgment in the amount of $43,061.86, which included $5,328 in actual damages, $5,000 in punitive damages, $30,475 in attorney fees, and $2,258,86 in legal expenses. Specifically, the trial court explained that "[the tenants were] entitled to recover attorney[] fees as the prevailing party in this case under Paragraph 23 of the Lease, and under OCGA § 13-6-11 due to Anglin's bad faith and stubborn litigiousness." We granted Anglin's subsequent application for discretionary review, and this appeal followed.

Anglin argues that the superior court erred by awarding attorney fees to the tenants (1) pursuant to the lease agreement because they failed to give Anglin notice

or an opportunity to pay the indebtedness before the fees were due as required by OCGA § 13-1-11 (a) (3); and (2) under OCGA § 13-6-11 because the tenants failed to specially plead and make a prayer therefor as required by that Code section.[2] We find no basis for reversal.

1. Paragraph 23 of the parties' lease provides: "If any legal action or proceedings be brought by either party of this Agreement, the prevailing party shall be reimbursed for all reasonable attorney[] fees and costs in addition to the other damages awarded." Anglin argues that an award of attorney fees pursuant to this provision is precluded by the tenants' failure to comply with the notice requirements of OCGA § 13-1-11 (a) (3). We disagree.

OCGA § 13-1-11 (a) (3) provides in relevant part:

> Obligations to pay attorney's fees upon any note or other evidence of indebtedness, . . . shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity . . . [provided that t]he holder of the note or other evidence of indebtedness or his or her attorney at law shall, after maturity of the obligation, notify in writing the maker, endorser, or party sought to be held on said obligation that the

---

[2] Anglin's arguments on appeal are limited only to the tenants' failure to properly plead and provide notice of their attorney fee claims; he does not contest the reasonableness of the attorney fees or any other aspect of the attorney fee award.

4

provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such maker, endorser, or party sought to be held on said obligation has ten days from the receipt of such notice to pay the principal and interest without the attorney's fees. . . .

The Supreme Court of Georgia has held that

the term "evidence of indebtedness," as used in OCGA § 13-1-11, has reference to any printed or written instrument, signed or otherwise executed by the obligor(s), which evidences on its face a legally enforceable obligation to pay money. . . . That definition includes all written leases which impose on the lessee an obligation to pay money.[3]

"OCGA § 13-1-11 . . . is not[, however,] applicable to *all* claims for attorney fees based on a lease provision."[4] Indeed, paragraph (d) of that Code section provides that "[t]he provisions of this section shall not authorize the recovery of attorney's fees in any tort claim."

---

[3] (Citation and punctuation omitted.) *Radioshack Corp. v. Cascade Crossing II, LLC*, 282 Ga. 841, 846 (653 SE2d 680) (2007), quoting *Stillwell Enterprises, Inc. v. Interstate Equip. Co.*, 266 SE2d 812, 817 (NC 1980). See also *Ins. Indus. Consultants, Inc. v. Essex Investments, Inc.*, 249 Ga. App. 837, 844 (4) (549 SE2d 788) (2001) ("Under our law, leases can be 'evidence of indebtedness' within the meaning of OCGA § 13-1-11.") (punctuation omitted).

[4] (Emphasis added.) *Ins. Indus. Consultants*, 249 Ga. App. at 844 (4).

5

Here, although Anglin sought past due rent and late fees under the lease, the superior court awarded damages against him and in favor of the tenants for wrongful constructive eviction and conversion. It also awarded damages for breach of the lease agreement, but such award was based upon Anglin's wrongful eviction and was not related to the tenants' indebtedness under the lease. "Under the circumstances, we do not find that [the tenants'] failure to give the notice under OCGA § 13-1-11 precludes the grant of attorneys fees."[5] Accordingly, because the plain terms of the parties' lease authorize the award of reasonable attorney fees and costs, the trial court did not err by granting the tenants reasonable attorney fees.

2. In light of our holding in Division 1, we need not address Anglin's argument regarding OCGA § 13-6-11.

*Judgment affirmed. Phipps, C. J., and Boggs, J., concur.*

---

[5] Id. (holding that OCGA § 13-1-11 does not apply if the landlord sues only to enforce the term of the lease and there is no indebtedness involved). See also *Boddy Enterprises v. City of Atlanta*, 171 Ga. App. 551, 552-553 (320 SE2d 374) (1984) (OCGA § 13-1-11 does not apply to a lawsuit that does not involve an indebtedness collected through an attorney after maturity).